GEORGE B. HOLLOMAN V. JOHN P. WHITE ET AL.

1. BANKRUPT, HOMESTEAD.—A bankrupt cannot insist upon the enforcement of a trust deed alleged to have been assigned to him with his homestead and as a muniment of its title without evidence that the trust deed had been expressly set apart to such bankrupt.

2. ON REHEARING—PLEADING AND EVIDENCE.—The only evidence of bankruptcy being in the pleadings, and the admission of bankruptcy being coupled with the explanation that the trust deed as a muniment of title to the homestead had been assigned to plaintiff in the bankrupt proceedings : *Held*, that the plaintiff could sue and enforce the execution of such trust.

3. MERGER.—Plaintiff having entered upon land under an execution sale claimed by the defendant to be void, the title conveyed by such sale could not be insisted upon as merging the equitable estate held in the property by the owner of the debt and trust deed in a proceeding to enforce the execution of such trust deed.

APPEAL from Guadalupe. Tried below before the Hon. J. J. Thornton.

On April 30, 1858, French Smith and Eliza, his wife, executed to White, as trustee, their deed to the Elm Spring tract of land to secure to F. G. Roberts payment

of two promissory notes, with the usual conditions and power of sale.

On May 3, 1859, this Elm Spring tract was sold by the sheriff of Guadalupe county under sundry executions, viz, eight, against said Smith, Holloman, the appellant, becoming the purchaser.

On the same or the preceding day Rust sold the above notes and trust deed to the appellant, and made the following indorsement on the original instrument: "Satisfied in full," or "This deed is satisfied."

Shortly after the sheriff's sale the said William M. Rust, at the instance of the appellant, made the following entry: "This deed of trust was assigned to me by F. G. Roberts the 3d of May, 1859, and the amount having been fully paid in by George B. Holloman, I hereby release said trust deed of trust this June 2d, 1859. (Signed) Wm. M. Rust." This entry was made on the margin of the record book.

In November, 1868, the appellant demanded of White, the trustee and appellee, that he proceed to sell in accordance with the terms of the trust deed. This the appellee refused, and the appellant brought this suit to compel appellee to enforce the stipulations of the said deed of trust.

White pleaded that the appellant's acts had deprived him of all authority; that the notes and deed were indorsed "satisfied;" and that Smith and wife had renounced said trust deed and pleaded the statute of limitations in a suit then pending in Guadalupe county District Court for the enforcement of said deed of trust; and that Holloman had long been in possession of the *locus in quo* under his purchase from Rust and from the sheriff, and claiming the same thereunder.

The appellant then filed a general demurrer and replication, in which he set up his purchase at sheriff's sale.

Smith and wife then intervened, pleading the statute of limitations, homestead exemption, and unlawful entry by

appellant, and praying for a judgment against appellant for the rents and profits, and enjoining the appellee from selling.

A jury was waived and case submitted to the court. There was a judgment for defendants; a motion for new trial overruled. The plaintiff appealed.

*John P. White*, for appellee.

The appellee presents the following points:

I. That the instrument set up in plaintiff's petition is a mortgage with power to sell. (See 4 Kent's Comm., p. 146; Wright *v.* Henderson, 12 Tex., 43; Robertson *v.* Paul, 16 Tex. 472; Ballard *v.* Anderson, 18 Tex., 377; Wootton *v.* Wheeler, 22 Tex., 338.)

II. If this position be correct, then the power could as well be conferred upon the mortgagee as upon a third party. (See authorities, *supra.*)

III. A mortgage, with or without a power to sell, is a mere incident of the debt secured. (2 Story's Eq., § 1016; Duty *v.* Graham, 12 Tex., 427.) The fact that the party empowered to sell is a stranger is not believed to alter the rule; and if the grantors in the trust deed could plead limitation, so could the trustee when called upon by the *cestui que trust* to sell.

IV. The instrument sued on is not in fact a deed of trust, and is not subject to the rules governing trusts and parties thereto. It is simply a mortgage with power to sell. Equity will not interfere to aid the non-execution of a power. (1 Story's Eq., §§ 169, 170.)

V. The appellant in his petition sets up title in himself by virtue of the sheriff's deed. Admit this, for the sake of argument, and what is the result? Appellant holding the legal and equitable title, the latter is merged into the former, and he stands before the court asking that a trustee may sell his own property for his own benefit.

VI. As to the point made by the appellant in his bill of

exceptions and assignment of errors, it is submitted that Smith and wife had a right to intervene, having a direct interest in the subject-matter of the litigation. (Sayles' Pract., § 156; Garrett v. Gaines, 6 Tex., 435; Chandler v. Fulton, 10 Tex., 2.)

But it is objected that they intervened after appellant and appellee had announced ready for trial. Appellant, however, does not claim that he was surprised thereby, or that delay ensued. It will be remembered that a jury was waived, and the court certainly had the discretion to permit or refuse this intervention at any time, unless it operated delay or as a surprise. (Van Bibber v. Geer, 12 Tex., 15; Graves v. Hall, 27 Tex., 148.)

VII. The appellant's second exception is not believed to be well taken, because it was proven on behalf of the defendant by Rust that the release indorsed on the margin of the records was made at the instance of Holloman, and he should be estopped from setting it aside.

VIII. In answer to the point raised by the appellant's third bill of exceptions and fourth assignment of errors, it is submitted that the range of cross-examination is confined to matters connected with the direct examination. As to other matters such witness becomes the witness of the party interrogating him. (1 Greenl. Ev., § 445; 14 Peters, 448, 461; 6 Watts & Serg., 75.)

*John Ireland,* for appellant.

In 1858 French H. Smith and his wife executed a deed of trust to defendant, White, as trustee, to secure the payment to F. G. Roberts a certain sum of money borrowed by Smith from Roberts.

Holloman became the holder and owner of the deed of trust by purchase, and in 1869 called upon White, the trustee, to sell the property to pay the debt.

White refused to sell, and this suit was brought to compel him to do so. There is alternate prayer for damage.

Smith and wife intervened, setting up various reasons why the plaintiff should not recover. A jury was waived and the case submitted to the court, who gave judgment for defendant and intervenor.

There was a motion for a new trial, which was over-ruled, and Holloman brings the case here by appeal and prays a reversal of the judgment.

So far as I was able to gather the reasons for the judgment, they were limitation and indorsement of Rust made on the margin of the record of the deed of trust.

Was the plaintiff's remedy barred?

Suppose it had been a simple mortgage, with the mortgagee in possession, could the mortgagee have been turned out, no matter what length of time had elapsed without a payment of his debt?

I think it clear that he could not. (Union Bank *v.* Stafford, 12 How., 327; Ang. on Lim., 487, 488; Russell *v.* Ely, 2 Black, 575; Dougherty *v.* Kercheval, 1 A. K. Marsh. Ky. Rep., 52.)

This being an express trust, and Holloman in possession all the time, there is no bar. (Hill on Trustees, 406, and note to 412; Duval *v.* Bibb, 3 Call, 362; 10 Gratt., Va., 231; 8 Watts, 523; Rice on Limitation, 181, 182, 268, 274, 275; Peter *v.* Beverly, 10 Pet., 566; Bank *v.* Beverly, 1 How., 135; 12 Pet., 19.)

Rust was himself an assignee. How could his indorsement on the deed affect Holloman's rights a month after Holloman had bought Rust's interest? (Many *v.* Jagger, 1 Blatch., 372; Ring *v.* Gray, 6 B. Monr., Ky., 368; 1 Hale's Eq., 443; Brown *v.* Cram, 1 New Hamp., 169; Marsh *v.* Rice, 1 New Hamp., 167; Peltz *v.* Clarke, 5 Pet., 483; Tucker *v.* Keeler, 4 Verm., 161.)

When Smith intervened he became the active party, and is not entitled to the aid of a court of equity so long as he fails to do equity. (Coats *v.* Roberts, 2 Philadelphia Leg. Int., 244, 379; Patton *v.* King, 26 Tex., 684.)

Holloman had a right to redeem, and his payment to Rust amounted to an equitable assignment to him. (Hinds v. Ballian, 44 New Hamp., 619; Liveth v. Pratt, 53 Me., 147; Wash. on Real Prop., 2, 126; 2 Zabriskie, 543.)

Upon what ground can the action of the court in refusing to allow Holloman to testify be sustained? (Jackson v. Varick, 7 Cow. Rep., 239; 1 Stark. Ev., 160.)

McAdoo, J.—This cause seems to have been instituted by the appellant as a means of strengthening his title to the land, which was involved in the cause of Holloman v. F. Smith and Wife, (No. 214.)

It is a proceeding to compel John P. White to execute a deed of trust by sale which had been imposed by Smith and wife on the same property in 1858, White being the trustee named in the deed of trust. This deed was executed by Smith and wife to secure debts due to other parties. The appellee had, by purchase from Rust, become the owner of the debts thus secured, and the deed of trust had been transferred to him.

In this suit, on the day the case was called for trial, Smith and wife intervened, pleading the statute of limitations against the debts so secured, wrongful holding of the property in controversy, a plea of payment of the debts and of tender of payment, and that the appellant had been discharged in bankruptcy, and had therefore no right to maintain suit for said debts.

The appellant denied every allegation of the appellee except that of his bankruptcy, and to that allegation he pleads that the property in controversy had been set aside to him by A. M. Jackson, his assignee in bankruptcy, and together therewith the debts and deed of trust embraced in this suit, as entering into and affecting his title thereto, the appellee, French Smith, being notoriously insolvent at the time.

One of the notes secured by the deed of trust was not

barred by limitation when this suit was instituted. The proof failed entirely to show that any of the debts had been paid; the proof failed to show a legal tender of the amounts due. The proof, we think, amply showed the purchase and payment for the mortgage debts by the appellant.

The deed of trust was a proper charge on the estate, being complete in its terms and in its execution. And we think the appellant would have been entitled to the relief sought but for the plea of his bankruptcy.

He admitted the fact of his bankruptcy. His plea that the deed of trust had been assigned to him, as he alleges in his answer, we think, would have availed him, if it had been followed up by the proof. But we have looked in vain in the statement of facts for proof on that subject. Without such proof it is clear he could maintain no suit upon the debts or mortgage, they having passed to his creditors on his being adjudged a bankrupt.

Inasmuch as the cause must be affirmed, because the proof shows no cause of action on the part of the appellant, it will be unnecessary to notice the several assignments of error relied on by the appellant for a reversal of the judgment.

The judgment of the District Court is affirmed.

Opinion rendered October 14, 1873.

## ON REHEARING.

MOORE, ASSOCIATE JUSTICE.—This case is before us on a motion filed at the last term of the court for a rehearing on a judgment rendered by our predecessors, which motion was by a special order of the court continued to the present term.

The appellant filed a bill against the appellee, White, to enforce the execution of a trust conferred upon him by a deed executed by the appellees, French Smith and wife, to secure the payment to one F. G. Roberts of three notes

therein described, at the time specified in said deed, which said notes, he alleged, had been assigned and transferred to him, and that he was thereby the beneficiary of said trust deed.

The defendant, White, answers by a general demurrer, and for special exception says that plaintiff was, at the time of the institution of said suit, declared a bankrupt, and has subsequently been so adjudged, &c.; and, among other matters, alleges that Holloman had purchased the land mentioned in the trust deed at execution sale, and that he had paid off and discharged the debts secured by said deed out of the money for which the property was so sold by the sheriff; that he, defendant, previous to the commencement of the suit, tendered said Holloman the money secured by said deed, who refused to receive it, and admitted that the debts had been fully paid; that Smith and wife had renounced and repudiated said trust, and claimed that the debts had been paid, and the notes secured by said deed were barred by the statute of limitations; also that Holloman had taken possession of the property after said sheriff's sale, converted the rents and profits to his own use, whereby the debts secured by the trust deed were fully paid. And, in connection with the matters set up in his answer, it seems apparent that subsequently to the sheriff's sale at which Holloman purchased the land upon which the trust deed was given, a controversy has arisen between him and Smith and wife as to the validity of the title acquired by appellant through his purchase at said sale.

After the parties had announced themselves ready for trial, as appears from the bill of exceptions, Smith and wife were permitted to intervene. They pleaded, among other defenses, that the debts secured by the deed were barred by limitation of four years; that the property conveyed by the deed was their homestead, (no question, however, was made as to the due execution of the deed by the wife;) that Holloman had taken unlawful posses-

sion of the property under the sheriff's sale, and had appropriated the rents and profits, which had largely overpaid the notes secured, and asked a judgment against him for the amount claimed to be due them thereby. They also allege that they had brought suit against Holloman for the land embraced in the trust deed, &c.

To the answer of the defendant, White, appellant, demurred, and made replication, in which, with other matters to which we need not here specially refer, he said, " that it is true, as alleged in said answer, that at the institution of this suit proceedings were pending to force petitioner into bankruptcy, and that since he has been adjudged a bankrupt." But he alleges that the property mentioned in said deed of trust made the basis of this suit, together with all of the liens calculated to strengthen the title thereto, was duly and legally set apart to him by A. M. Jackson, the assignee in bankruptcy of petitioner, as the homestead of petitioner, exempt from forced sale, and not liable to distribution among creditors by said assignee.

On the trial a jury was waived, and by consent of parties the cause was submitted to the court. Whereupon the demurrer of the defendant was overruled, and without action on the demurrer of the plaintiff to defendant's answer, it was adjudged that plaintiff take nothing by his suit, and that defendant, White, as trustee in said deed, be forever enjoined and restrained from selling the property described in said deed.

In the opinion of our predecessors, which we are called upon to consider for the proper determination of the questions now before us, the court seem to be of the opinion that the judgment should be reversed but for the admissions in appellant's replication to appellee's, White's, answer, admitting that he had been adjudged a bankrupt since the commencement of this suit; but by reason thereof, and the failure of appellant to prove, as he alleged in connection with his admission of bankruptcy, that the deed of

trust had been assigned to him, they were of opinion, it appeared, that he could not maintain the suit. In the conclusion at which our predecessors arrived on this point, in the aspect in which it is presented by the record, we cannot concur. While we cannot tell from the record upon what ground the case was decided in the court below, an inspection of it makes it quite evident it was not upon the ground upon which it is affirmed in the opinion of this court at the last term; nor could the court below have properly rendered the judgment which it did upon the hypothesis of the debts and trust upon which this action is founded having vested in the assignee by appellant's being adjudicated to be a bankrupt after the commencement of the suit. For if so, the assignee should have been made a party before the court should have rendered judgment upon the merits; and on the failure of appellant to prove the assignment of the trust deed to him, the court should have either ordered a continuance that the assignee might be made a party or have rendered judgment abating the action.

It is to be observed that there is no allusion whatever in the statement of facts to appellant's bankruptcy, and it is only by an inspection of the pleadings that this point comes to the knowledge of the court. But how stands the matter when we look to the pleadings? Appellant admits he has been adjudged a bankrupt since the commencement of his suit, but in the same connection he says the subject-matter of the suit has been set apart to him by the assignee. Surely, if by the adjudication of bankruptcy the right to prosecute the suit was taken from him, it must be admitted, as the case was still before the court without his assignee having been made a party, the assignment to him invested him with it. It is true, by the rule of pleading and evidence, when matter is pleaded by one party to which the other replies by confession and avoidance, evidence is unnecessary to prove the matter confessed, and the burden

of proof of the avoidance is ordinarily upon the party pleading it. And if there was in the answer of appellee an averment of appellant's bankruptcy, it might in strictness be held that by his replication he had admitted it, and that the allegations in respect to the assignment of the trust deed was matter in avoidance, which must have been sustained by proof by the appellant to enable him to escape from the legal consequence of this admission of his bankruptcy. But it will be noted from what we have heretofore said, whether this was its proper place or not, the only reference to appellant's bankruptcy by appellee is in the demurrer, and this the record says was overruled by the court. The pleadings, therefore, do not show allegation by the one party and confession by the other, by which both are bound, which is necessary for the applicability of this rule. It stands simply upon the admissions in the pleading of appellant, and in such case unquestionably it does not operate as a legal conclusion unless what he has said, taken as a whole, warrants it.

An inspection of the statement of facts leads us to the conclusion that none of the matters of defense presented by the defendant or the intervenors are sustained by evidence, unless it is that insisting that relief asked by appellant should not be granted, for the reason that his equitable estate or interest under the trust deed had been merged in the legal title acquired by his purchase of the land at the sheriff's sale. The principle here invoked is a recognized rule of common law in cases to which it is applicable, and courts of equity no doubt yield due consideration to it in cases to which it properly applies, unless there are special equitable grounds of relief against it, like any other rule of law. We cannot say that this case falls under this rule.

If we are to follow the construction of the common law, appellant only acquired an equitable title, the right of redemption, by his purchase under the execution sale; but

if we hold that he got there by the legal title, as beneficiary under the trust deed, he took neither the legal nor equitable title to the land.   Whether the trust deed carried the one or the other, the title conveyed by it vested, and is still, in the appellee, White.   But as the intervenors, who are the parties interested, distinctly allege the title conveyed to appellant by the sheriff is illegal and void, they certainly cannot at the same time insist that the appellant's debt is lost by the fiction of merger in this void title.

More than four years had elapsed from the time when two of the notes secured by the deed were due before the suspension of the statute of limitation in 1861; but as less than that time intervened from the date of the deed, whereby the justice of the claims is admitted, this ground of defense clearly failed.   Other defenses were unsupported by evidence.

A jury having been waived, and the case submitted to the court, we might, under the practice of this court, reverse and render here the judgment for the appellant which the record before us would warrant; but as there seems some irregularity and confusion in the record, and it may be that the justice of the case can be better attained by this disposition of it, it is ordered that the rehearing applied for be granted, and the judgment reversed and the cause remanded to the District Court for further proceeding, in accordance with this opinion.

REVERSED AND REMANDED.

[NOTE:—Since reading the above opinion our attention has been called to the fact that the rehearing had been granted by our predecessors at the last term, which was not disclosed by the papers and record submitted to us. This is not deemed of sufficient consequence, however, to require us to remodel the opinion.]