### J. ULLMANN v. W. H. LAND.

Decided December 10, 1904.

**1.—Sale—Exchange or Barter Distinguished.**

A sale of land may be a sale, as distinguished from an exchange or barter, although the transfer is made for something else than money, provided each article is transferred at an agreed or the market value, so that the one thing is received in payment of the price of the other.

**2.—Same—Agent's Commissions.**

Where plaintiff undertook to sell defendant's land upon an agreement that he was to have for his services in selling all that the land brought over and above $780, and a purchaser was found at a price of $1350, for $350 of which he executed notes and for the remainder deeded to defendant another tract of land at an agreed valuation of $1000, plaintiff was entitled to recover for his commission the difference between $780 and the value of the land and notes taken in exchange.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

R. E. Carswell, for appellant.

T. J. McMurray, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee sued appellant in the District Court of Wise County, alleging that the latter was the owner of certain described real estate situated in that county, consisting of 130 acres out of the Edward Stephens survey, which he was desirous of selling, and to that end employed appellee to find a purchaser and sell same for him. That appellant valued said land at $6 per acre, and agreed and promised appellee to give as compensation for finding a purchaser and selling said land all over the sum of $6 per acre that he could get for it, to be agreed on between the purchaser, appellant and appellee. That he at once set about to find a purchaser for said land, which resulted in discovering one John M. Green, who was willing to purchase the same, and who did purchase the same upon the following terms, viz.: "Said Green was to pay as consideration for said land as above described the sum of $1350, to be paid as follows, to wit: Said Ullman to take for himself and plaintiff as part consideration for his said land the farm and premises owned by said Green as follows: Tract of land situated in Wise County . . . containing 80 acres, said last described land to be taken upon said consideration for the sum of $1,000, which was to be counted as cash consideration from said Green to said Ullmann, and said Green in further consideration was to execute and deliver to said Ullmann three notes amounting in all to $350, due in the future as follows: one note for $100, due November 1, 1904, one note for $100, due November 1, 1905, one note for $150, due November 1, 1906, all bearing 10 percent interest from date and retaining vendor's lien on said land for the purchase money. That said Ullmann fully understanding said trade, fully agreed to, acquiesced in and ratified same. That thereafter and in pursuance to said agreement said Ullmann

made, executed and delivered to said John M. Green his deed in writing to said first named land, and said Green made, executed and delivered to said Ullmann his deed in writing to the said land so sold by him to said Ullmann as a part payment upon the land sold to him by said Ullmann, and said Green duly executed and delivered his said notes as aforesaid to said Ullmann, which said notes and deed were accepted by said Ullmann for said land and the same are now in the custody and control of said Ullmann and he is claiming said land so deeded him .by said Green and the notes so given." It was further alleged that the Green land was worth at least $1250 cash and the said notes well worth $350, and that appellant was not entitled under the contract to more than $750. There was prayer for judgment in the sum of $820, and in the alternative for a decree that appellant holds said land and notes in trust for the appellee and appellant, and for judgment partitioning the same. The appellant's answer consisted of a general demurrer, general denial and a special plea that if appellee acted for him in disposing of the land, it was in making an exchange of lands, and for his services was to receive $150, which had been tendered him before the suit was brought. The cause was tried before a jury which resulted in a verdict and judgment in favor of appellee for $300.

Appellant's various assignments, which are submitted as one in this court, find expression in the following proposition submitted under them: "Under the allegations of appellee's petition and the proof there could have been no recovery against appellant except for $150, and the court erred in charging the jury that it could in any event find for appellee the excess over $780 of the aggregate value of $350 in notes and the 80 acres of land received in exchange."

The testimony supports the material allegations of appellee's petition to the effect that he was to receive as compensation for his services in effecting the sale of appellant's lands all over the sum of $780 received for them. And that being unable to sell the same for cash, he procured a purchaser in the person of John M. Green to whom a sale was consummated for the sum of $1,350 upon the terms alleged. That this was fully understood and ratified by the appellant. This we think authorized a recovery against appellant for the excess of the reasonable value of the Green notes and land above $780 as found by the jury. We think the transaction amounted to a sale of appellant's land. As said by Mr. Tiedeman in his work on Sales, section 12: "Although it has been sometimes held that the sale must be a transfer for money, and that every other transfer is an exchange or barter, the better opinion is that the transaction is still a sale although the transfer is made for something else than money, provided each article is transferred at an agreed or the market value, so that the one thing is received in payment of the price of the other."

In the present case appellant's lands were valued at $1350, and the Green lands taken in payment were valued at $1,000, while the difference was represented by notes promising money, which under all the decisions would be equal to money as an element of sale. This meets the criterion prescribed by the author above quoted, which is, "whether

there is a fixed price, as a determination of the value at which the things are to be exchanged. If there is such a fixed price, the transaction is a sale; but if there is not, the transaction is an exchange." This view has been expressly adopted by the courts of this State in Thornton v. Moody, 24 S. W. Rep., 331, in an opinion by Mr. Justice Fly, in which case a writ of error was refused by the Supreme Court. While appellant would doubtless have had the right to decline the offer made by Green and to have insisted upon a cash transaction, yet having waived his right to do so, and having explicitly agreed to the terms of the offer, we think he can not be heard to say that appellee has not complied with his contract and is not entitled to the excess over $780 brought by the land. The principle here announced is analogous to that applied in those cases holding an owner liable to the agent for his commissions where such owner accepts a less sum than the agent has been authorized to sell for. Numerous cases of this character have arisen in this State, and the owner has usually been held liable to the agent where he accepts a purchaser procured by such agent, even though at a sum or upon terms which he would not be bound to accept under the agent's contract of employment. This is properly treated as a compliance with, and the recovery in such case is upon the contract.

Judgment affirmed.

*Affirmed.*

Writ of error dismissed.