## FROST v. GRIMMER.

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1911. On Motion for Rehearing, Jan. 17, 1912.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting testimony will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. TRIAL (§ 234*) — INSTRUCTIONS — PREPONDERANCE OF EVIDENCE.

Where the case depended on the credibility of the witnesses, and the court charged that plaintiff must recover on a preponderance of the testimony, and stated in submitting facts justifying a recovery by plaintiff, "if you believe from a preponderance of the evidence," the refusal to charge that the burden was on plaintiff to prove material allegations by a preponderance of the evidence was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538; Dec. Dig. § 234.*]

3. TRIAL (§ 242*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

An instruction that plaintiff must recover on a preponderance of the evidence, and statements in subsequent paragraphs of the instructions submitting facts justifying a recovery by plaintiff, "if you believe from a preponderance of the evidence," are not misleading as leading the jury to believe that they are peremptorily instructed to find for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

4. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where the verdict was based on a contract between the parties, the error in submitting the right to recover on a quantum meruit was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

It is not error to refuse a requested charge in effect the' same as that given by the court, though a party is entitled to an affirmative presentation of his theory of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 260.*]

6. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.

Where an architect suing for compensation for preparing plans and specifications for a building did not recover any sum as compensation for superintending the construction of the building, the refusal to charge that he could not recover for superintending was not prejudicially erroneous to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

7. TRIAL (§ 296*) — INSTRUCTIONS—MISLEADING INSTRUCTIONS.

Where the court clearly charged defendant's theory that, if plaintiff, suing for compensation for preparing specifications for a building, accepted the employment on the agreement that he should not be paid unless specified conditions were performed, the failure to include in another paragraph of the charge the facts which would authorize a verdict for defendant was not misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

On Rehearing.

8. WORK AND LABOR (§ 4*)—IMPLIED PROMISE.

Where an architect made plans and specifications for another, the law implied a promise to pay for the work done.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 4.*]

9. CONTRACTS (§ 322*)—ACTION FOR SERVICES—CONFESSION AND AVOIDANCE—BURDEN OF PROOF.

Where an architect proved that he prepared plans and specifications for another, the employer, asserting that he was not to pay for the work except on specified conditions, had the burden of proving that such conditions had not been performed.

[Ed. Note.—For other cases,· see Contracts, Dec. Dig. § 322.*]

Error to District Court, Harris County; W. P. Hamblen, Judge.

Action by V. Grimmer against J. M. Frost. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, for plaintiff in error. Wm. W. Anderson and S. E. Boggess, for defendant in error.

PETICOLAS, C. J. This was a suit by Grimmer, plaintiff below, to recover for certain plans and specifications which he, as an architect, had prepared for Frost, defendant below. The plaintiff declared on a contract for 2½ per cent. of the cost of the building for making plans and specifications, and for 1½ per cent. for superintendence. It was the defendant's contention that he employed the plaintiff to make said plans and specifications and superintend the erection of said building, conditioned upon the sale by defendant of $31,500 worth of bonds of the Cane & Rice Belt Irrigation Company, and conditioned upon the erection of said building; in other words, the defendant contended that he was not to erect the building unless he could sell the bonds, and that the plaintiff accepted such conditional em-

ployment by which he was not to be paid for his services in either event. The plaintiff testified that he agreed to make the preliminary sketches free of charge, but that, if he finally made the plans and defendant accepted them, he was to be paid unconditionally; in other words, his testimony is substantially to the effect, we think, that, while in the earlier stages of the negotiations Frost told him about the bonds and that he would have to sell them or else could not build the house, yet that Frost assured him that he would let him (plaintiff) know when he (Frost) was prepared to build, and that, if the plans were then accepted, they were to be paid for unconditionally. A contract was entered into between the defendant and the contractor which was signed by the defendant, and which recited unconditionally that he had employed the plaintiff as architect. While it is true that the defendant's testimony and some parts of the plaintiff's testimony would indicate that the payment was conditional on the sale of the bonds and the erection of the house, yet the plaintiff testified that it was not a fact that it was understood that he was not to receive compensation, unless the bonds could be traded and the flat built. "That was the understanding up to about two weeks before Mr. Frost told me to go ahead and draw up the plans, but he had always assured me that, when he was ready to go ahead, he would let me know, and it was not understood that I was to receive no pay unless the bonds were traded and the house erected." The other witnesses for plaintiff also tend to show that the payment was not conditioned on the sale of the bonds and the erection of the house.

[1] Whatever may be the real truth as between these parties, it is apparent that there was sufficient testimony on each side to raise an issue of fact, and, the jury having decided that issue in favor of the plaintiff, we are not authorized to disturb it.

[2] The second assignment of error is to the refusal of the court to give a requested charge to the effect that the burden was upon the plaintiff to prove the material allegations by a preponderance of the testimony. The charge given by the court on this subject was as follows: "You are charged that the plaintiff must recover upon a preponderance of the testimony." The subsequent paragraphs of the charge submitting facts which would justify a recovery by the plaintiff each began, "If you believe from a preponderance of the evidence." In the case of Syfan v. Railway, 43 S. W. 553, the court charged that, before rendering a verdict for plaintiff, the jury must believe that his horse was frightened at the escape of steam. It was there held that where the question was simply of the credibility of the witnesses, and where the court submitted the facts which the jury must believe, it was not necessary to charge that the bur-

den was on the plaintiff, and Judge Williams said in his opinion that the court is not always required to charge on the burden of proof. The propriety of so doing depends on the state of the evidence. The case cited is not quite so directly in point on the facts, but is the nearest we have been able to find, and is persuasive to the effect that it might not have been reversible error had no charge on burden of proof been given. We are of opinion, therefore, that it follows that where the court did charge that the plaintiff must recover upon a preponderance of the testimony, and where he prefaced each submission in favor of the plaintiff by the statement, "If you believe from a preponderance of the evidence," that the charge was sufficient as against the objection urged to it.

[3] It is further contended under this assignment and under other assignments that the charge given was, in effect, a peremptory instruction. To this conclusion we do not agree. Gray v. Moore, 37 Tex. Civ. App. 407, 84 S. W. 294. It is apparent that the jury could not have been misled for the reason that the charge as a whole absolutely prevented them from construing this to be a peremptory instruction.

The third assignment of error is to the failure of the court to give defendant's special charge to the effect that plaintiff could not recover upon a quantum meruit. This may be discussed in connection with the fourth assignment of error, which is to the effect that the court erred in submitting the case on a quantum meruit; the objection being that there was not sufficient evidence to justify the submission of this issue to the jury. The third proposition under this assignment is that the court submitted as a measure of damages under the quantum meruit that the plaintiff might recover what the plans and specifications were reasonably worth to the plaintiff at the time he delivered the same to the defendant.

[4] As abstract propositions, we think the fourth assignment of error is well taken, as well as the third proposition thereunder, but it seems to be settled law in this state that a case should not be reversed save for error reasonably calculated to have induced a wrong result below. The verdict of the jury in this case was for the plaintiff in the sum of $782.50, being 2½ per cent. on the contract price of $32,500, less $30 previously paid. It is apparent, therefore, that, although the trial court erroneously submitted the quantum meruit, the jury's verdict was based upon the contract between the parties, and that they did not consider the quantum meruit. We conclude, therefore, that this was harmless error.

[5] The fifth and sixth assignments of error are overruled because they are correctly and fully given in the main charge. It is true that defendant had the right to an affirmative presentation of his theory of the

case, but, where the court's charge is in effect the same as that requested, it was not error to refuse the requested charge.

[6] The seventh assignment of error is to the refusal of the defendant's special charge which instructed that the plaintiff could not recover for any. sum as compensation for superintending the construction of the building. As it is apparent that the plaintiff~did not recover any such sum, the assignment is overruled.

[7] What we have heretofore said disposes of the eighth assignment of error, and the ninth is to the effect that the fourth paragraph of the court's charge is misleading and confusing, in that it does not include in that paragraph the facts which would authorize a verdict for the defendant. Later on in the charge, however, the defendant's side of it is presented clearly and fully, and it is made plain to the jury that, if the plaintiff accepted the employment with the agreement that he was not to be paid if the bonds were not sold and the house not erected, he could not recover.

The tenth assignment of error is to paragraph 6 of the court's charge to the effect that it was misleading and confusing, in that it submits an issue that the plaintiff and defendant did not contract with each other at all. It would probably have been better not to have included this statement in the charge, but, as the real matters at issue were made plain by the same paragraph, we do not think it such error as that the case should be reversed therefor.

Therefore the case is affirmed.

### On Motion for Rehearing.

Counsel for plaintiff in error very earnestly contend in their motion for rehearing that the court erred in his charge on the burden of proof. The point is made that the paragraph of the charge which submitted the defendant's rights in the case was prefaced by the words, "If you believe from a preponderance of the evidence," and that this placed the burden of proof upon defendant, which was error. We think perhaps we have failed to make clear the reasons which impelled us to the holding we made on this subject.

[8] The plaintiff alleged that he had made certain plans and specifications for the defendant, and under the testimony it was undisputed that he had done so. As the law would imply a promise to pay for such work done, it is clear that when plaintiff proved this much of his case he could have recovered upon it.

[9] The defense of the defendant waś, in effect, in confession and avoidance, being to the effect that plaintiff did make such plans, etc., but that defendant was not to pay for them unless certain bonds were sold, and that the bonds had not been sold.

In this state of the record, we are of the opinion that the burden of proving that the plans were not to be paid for unless the bonds were sold was upon the defendant, and that the court did not err in so telling the jury. See Florida Club v. Lumber Co., 18 Tex. Civ. App. 161, 44 S. W. 10; Cherry v. Butler, 17 S. W. 1090; Holloman v. White, 41 Tex. 61.

Therefore the motion for rehearing is overruled.