McDONALD et al. v. WHALEY.  (No. 1388.)

(Court of Civil Appeals of Texas.  Amarillo.
Nov. 13, 1918.  Rehearing Denied
Jan. 8, 1919.)

1. Vendor and Purchaser ⬦334(1) —
Breach by Vendor — Recovery of Purchase Money.

Where vendor agreed to sink well and provide irrigation plant by certain date, purchaser was entitled to recover amount paid on contract upon vendor's failure to sink well by such date or within a reasonable time thereafter.

2. Vendor and Purchaser ⬦339 — Recovery of Purchase Money—Condition Precedent.

Where vendor agreed to sink irrigation well upon premises after purchaser had entered into written contract of sale or exchanged deeds, purchaser could not recover purchase money paid on contract, unless vendor refused to sink well after purchaser had offered to enter into written contract or exchanged deeds.

3. Sales ⬦3—Vendor and Purchaser ⬦ 3(1)—Exchange of Property—Damages.

Where, in an exchange of property, the value of the land or personalty is agreed upon, the transaction is a sale and not an exchange, and the rules of law governing in cases of sales will control rather than the law of exchange.

4. Vendor and Purchaser ⬦341(5) — Agreed Value—Trade.

Where value of automobile given as part consideration in land deal was agreed upon, the purchaser in recovering consideration paid, upon vendor's breach, was entitled to the agreed value of the automobile, and not its market or intrinsic value, where automobile itself was not in condition to be returned.

5. Evidence ⬦213(1), 271(2)—Self-Serving Declarations—Offers of Compromise.

In a purchaser's action to recover payment made upon vendor's failure to deliver deed and sink well by agreed date, any testimony tending to show vendor's willingness to comply with the contract within reasonable time after such date is admissible; but self-serving declarations, counter propositions, or offers in the nature of a compromise, should not be admitted.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by E. E. Whaley against D. L. McDonald and another.  Judgment for plaintiff, and defendants appeal.  Reversed and remanded.

Wm. M. Knight and W. H. Russell, both of Hereford, for appellants.

S. J. Dodson, of Hereford, and F. P. Works, of Amarillo, for appellee.

HALL, J.  Appellee, Whaley, instituted this suit to recover of appellants, McDonald and Edwards, the sum of $4,500, alleged to have been paid them by him on a verbal con-

tract for the purchase of 320 acres of land. He alleges in substance that the money was originally paid under a written contract for the sale of three quarters of a certain section of land in Deaf Smith county, said contract dated May 5, 1913; that thereafter, on the following day, the written contract was by mutual consent abandoned and canceled, and the above-specified sum of money was by oral agreement to be applied as a cash payment on the south half of a different section of land, known as the Estes land; that defendants agreed on said last-named date to sink a well on the Estes land and install a pumping plant by November 1, 1913, and that the well should be of 1,500 gallons capacity; that appellants were to execute and deliver a deed conveying him the property by November 1, 1913, which verbal contract was later confirmed in writing by appellants. Appellee further alleged that he was at all times ready, willing, and able to comply with his part of the contract, etc.  Since the former appeal of this case, appellants have filed their fourth amended original answer, in which they admit the execution of the written contract of May 5, 1913, and deny that they have ever breached the same, alleging that they have always been and are now ready, willing, and able to comply with its terms.  Their version of the verbal contract of May 6th is that plaintiff desired to inspect other lands than that described in the written contract of May 5th, and was shown the south half of section 24; that appellants informed him they would be willing to let him have said half section in lieu of the three quarters of the section named in the written contract, if the plaintiff would make up his mind definitely as to which tract he desired and would return to Hereford from his home in Colorado not later than August, 1913, at which time they would enter into a contract with him for the sale of the half section, or they would exchange deeds for the respective lands, it having been alleged that appellee should convey appellant his farm in Colorado as part of the consideration for the land which he proposed to buy of them.  Appellants allege further that it was the agreement between the parties that, after entering into a proper contract upon the return of appellee from Colorado or upon an exchange of deeds, they would sink an irrigation well on the said half section and equip an irrigation plant as alleged by plaintiffs.  They specially denied that they ever verbally agreed to sink a well on the land until after plaintiff had definitely determined which tract he wanted, by entering into a written contract of sale or by exchanging deeds. They further allege that appellee failed to return to Hereford in the month of August and did not arrive in Hereford until about October 20th; that he did not call on appellants, but studiously avoided them until

after November 1st. They allege their willingness to comply with the terms of the verbal contract. After the introduction of the evidence, the court directed a verdict for the appellee.

[1, 2] It will be seen from the brief outline of the pleadings that there is a material difference in the verbal contract as alleged by appellants and appellee, in that appellee contends that appellants were to sink the well and install the irrigation plant prior to November 1, 1913, whereas appellants alleged that the contract is that the sale should be partially executed by the exchange of deeds after which they were to sink the well and install the plant. The pleadings of each party charged the other with a breach of the contract. On the former appeal this court said (194 S. W. 411):

"The evidence in this case is sufficient to submit the issue as to whether or not the defendants refused to convey the land known as the Estes land, and whether they breached their oral contract in refusing to put down a well on the land, as agreed upon, whether they refused to convey the land in accordance with the agreement."

Appellants did not set out their version of the contract in their pleadings on the former appeal. Under their amended pleadings, as they appear in the record on this appeal, the first issue to be determined is whether under the contract it became the duty of appellants to sink the well prior to November 1, 1913, or after the parties had exchanged deeds or entered into a binding contract. The evidence upon this issue is sharply conflicting, and, since the question of the breach of the contract must necessarily be determined after the jury has decided which version is correct, it follows that the court erred in directing a verdict. If under the findings of the jury appellee's contention is sustained, then it becomes the duty of appellants to sink the well and provide the irrigation plant by November 1, 1913, or within a reasonable time thereafter. If it should appear that this term of the contract has never been complied with by appellants, then under our former holding appellee would be entitled to recover. If the jury should find with appellant's contention, appellee cannot recover without first making a tender of performance and a refusal of appellants to perform. Fink v. Hough, 153 S. W. 677; Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Cammack v. Prather, 74 S. W. 354.

[3, 4] Appellants contend that the court erred in rendering judgment for the sum of $1,500, that being the agreed value of the automobile. Where, in an exchange of property, the value of the land or personalty is agreed upon, the transaction is a sale and not an exchange, and the rules of law governing in cases of sales will control rather than the law of exchange. Ullmann v. Land, 37 Tex. Civ. App. 422, 84 S. W. 294. $1,500 be-

ing the agreed value of the automobile in the trade, appellee was entitled to recover that amount, if anything, rather than its market or intrinsic value. In fixing the trade value as the measure of appellee's recovery, in the event, under the jury's findings, he is entitled to recover at all, we are presuming that the automobile itself is not in condition to be returned to appellee.

Under different assignments, appellants insist that the court erred in excluding the testimony of McDonald, to the effect that appellee never at any time offered to take the half section of land after the 1st of November, but, on the contrary, repeatedly refused to accept it after various offers to convey it to him and to guarantee the sinking of a well on it in accordance with that Whaley claimed had been agreed to by parol on May 6th, and also erred in excluding a letter dated the 31st day of December, 1913, from appellant McDonald to appellee, offering to comply with the verbal contract of May 6th, and submitting some alternative propositions.

[5] The same question is raised under the seventh assignment. Any testimony tending to show appellants' willingness to comply with the contract, as alleged by them, made within a reasonable time after November 1st, is admissible; but self-serving declarations, counter propositions, or offers in the nature of a compromise, should not be admitted.

There are a number of other assignments which will not be considered in detail, since what we have said disposed of the issues presented.

The judgment is reversed, and the cause remanded.