### COTTEN et al. v. WILLINGHAM.
### (No. 1822.)

(Court of Civil Appeals of Texas. Amarillo. June 1, 1921.)

**1. Brokers ⊕⇒84(1)—Proof of listing contract and procurement of purchasers prima facie case, and burden on vendor to prove commission dependent on consummated sale.**

In an action by brokers to recover a commission for furnishing purchasers under a listing contract, where defendant affirmatively alleged he contracted with plaintiffs that no commission should be paid unless sales were actually consummated, and plaintiffs assumed responsibility for getting the signature of defendant's wife to the deed, proof by plaintiffs of the listing contract and furnishing of purchasers ready, willing, and able to buy on terms stated, constituted a prima facie right to recover, and the burden of proving plaintiffs were not to have any commission unless sales were actually consummated and defendant's wife signed the deeds, was on the defendant; such matters alleged in defense being in the nature of pleas in confession and avoidance

**2. Evidence ⊕⇒91—Burden of proof rests on party alleging facts constituting issue.**

The general rule is that the burden of proof to establish the affirmative of an issue involved in an action rests on the party alleging the facts constituting that issue, and remains there until the end.

**3. Appeal and error ⊕⇒273(6)—Error in charging as to burden of proof held fundamental, and reviewable on exception made.**

Where court, following special issues, advised jury that burden of proof was on plaintiffs to establish their case by a preponderance of the evidence, and defendant excepted on the ground that the charge was misleading, and might cause the jury to believe that burden of

proof rested on plaintiffs with reference to all of the special issues, whereas the burden of proof rested on defendant in respect to certain specified issues, *held*, that plaintiffs placed themselves in position to insist on the error on appeal; the rule that the burden of proof rests on party alleging facts constituting issue being fundamental.

**4. Brokers ⊕⇒49(2)—Brokers procuring signing of option contract held entitled to compensation for furnishing purchaser.**

Brokers were entitled to a commission for furnishing purchasers ready, able, and willing to purchase, though only an option contract was entered into, where such purchasers were willing to close the deal, even after time limit fixed by option contract had expired.

**5. Brokers ⊕⇒61(3)—Entitled to commission, though wife of owner will not join in conveyance.**

When landowner lists property with broker, and a purchaser is found, ready, willing, and able to accept it, he cannot avoid liability to the broker for commissions on the ground that his wife refuses to execute a deed.

**6. Brokers ⊕⇒61(3)—Wife's homestead interest not "incumbrance" or "defect in title."**

Wife's homestead interest in property is neither an "incumbrance" nor a "defect in the title," such as would prevent recovery of commissions from the husband by a broker under a contract with the husband to obtain a purchaser.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Incumbrance (in .Title).]

**7. Brokers ⊕⇒61(3)—Refusal to consummate transaction because wife would not sign tantamount to abandonment.**

While action of landowner in refusing to consummate contracts for the conveyance of land, because of the fact that his wife would not sign with him, may not have been a technical abandonment of the contracts, the result, in so far as the right of the brokers, employed to procure the purchasers, and the purchasers, were concerned, was tantamount to an abandonment.

Appeal from Potter County Court; R. C. Johnson, Judge.

Suit by T. W. Cotten and others against G. W. Willingham. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Turner & Dooley, of Amarillo, for appellants.

Stone, Miller & Guleke, of Amarillo, for appellee.

HALL, J. This suit was instituted in the county court by T. W. Cotten, R. A. Brock, and H. R. Kidd, real estate brokers, against appellee, to recover $600, alleged to be due them for commissions in procuring purchasers for certain real estate owned by appellee. They sue first upon a listing contract, and they plead in the alternative their right to

recover upon quantum meruit. The appellee answered, admitting that he was the owner of the property mentioned in the petition and that he listed the same with the plaintiffs for sale. He especially alleged in substance as follows:

(1) That when he listed the property with plaintiffs he informed the plaintiff Cotten that he did not know whether he could get his wife to sign the deed conveying the property, and that Cotten thereupon assured him that, if the latter would list said property with plaintiffs, he (Cotten) would procure the signing of the deed by Willingham's wife; that in reliance upon said condition appellee did list the property for sale, and thereafter the said Cotten procured the respective purchasers named in plaintiff's petition, and contracts were entered into by and between appellee and the respective purchasers, copies of which were attached to the answer.

(2) That it was not contemplated in said listing or in said trade that a commission should be paid to the plaintiffs unless the sale was actually made, and that the actual and true agreement with reference to commissions is set forth in that clause of the contracts between appellee and the respective purchasers which makes mention of the matter of commissions, and that, no sale having been concluded, the said plaintiffs are not entitled to recover any commission.

(3) That appellee advised the proposed purchasers of the property in question, through T. W. Cotten, plaintiff, that appellee would probably need more time in which to procure the consent of his wife to sign the deeds, and that then and there a few days' extension was granted; that said extension was granted prior to the expiration of the time given by the said Cotten by the terms of said contract, and was intended to and was taken as an addition to the time limit set forth in said contract, and that within said extension the said Willingham procured the consent of his wife to execute the deeds, and same would have been executed and delivered, but for the fact that the purchasers repudiated said trades, and but for the fact that said Cotten, by his wrongful acts, tended to procure the repudiation thereof.

By their first supplemental petition the plaintiffs alleged that the respective purchasers continued ready, able, and willing to conclude their expected purchase until after the defendant had abandoned and breached his obligations, and had repudiated the contracts, and declared that he would not make said sales, and it was only after defendant's said breach, and as a result thereof, that such purchasers saw fit to consider themselves released on such contracts; that the sole reason ever assigned by defendant for his refusal to proceed with the deals was the alleged refusal of his wife to join in the deeds; that the defendant committed the said breach on his part, and abandoned and repudiated his said contract several days before this suit was instituted, and it was only after this suit had been instituted several days, and after defendant had been served with process herein, that the defendant sought to reinstate the deals, claiming his wife was then ready to sign; that when the defendant claimed his wife was ready to sign the purchasers had acted upon their right to consider the contracts terminated by defendant's prior abandonment and breach, and, having altered their position in the meantime, were not prepared or disposed to renew the deals; furthermore, the defendant did not claim that his wife was ready to renew said deals within the time limit for performance on his part, as stated in the written contract between the defendant and the respective purchasers. By first supplemental answer, the defendant denied generally the allegations contained in the first supplemental petition.

In answer to special issues submitted by the court, the jury found: (1) That appellee listed the property with Cotten for sale with the qualification that Willingham would not be liable for a commission in the event he could not procure his wife to execute the deeds. (2) That plaintiffs agreed, before the execution of the sales contract, that they would be responsible for getting the wife of appellee to execute the deeds. (3) That the acts of Cotten & Co. in advising the purchasers of the property, on or about October 16, 1920, with reference to the refusal of appellee's wife to sign the deeds, caused the purchasers to change their position prior to October 25, 1920; so that said purchasers could not then close the deals. (4) That appellee's conduct, prior to October 20, 1920, was not such as to justify Cotten & Co. in reporting to their proposed purchasers that the deals for the purchase of the property by them from appellee had failed. (5) That appellee did, in good faith, endeavor to procure his wife's execution of the deeds to the purchasers. (6) That the appellee Willingham did not, prior to October 20, 1920, abandon the sales contract.

Following the issues, the court charged the jury as follows:

"The burden of proof is upon the plaintiffs to establish their case by a preponderance of the evidence."

The appellants properly excepted to the court's charge as follows:

"These plaintiffs except and object to that part of the explanatory instructions given by the court, following the court's special issues, wherein the court advised the jury that the burden of proof is upon the plaintiffs to estab-

lish their case by a preponderance of the evidence, for the reason that such charge, in the manner and in connection in which the same is given, is misleading and prejudicial to these plaintiffs, and calculated to cause the jury to believe and understand that the burden of proof is upon these plaintiffs with reference to all of the said court's special issues, which precede said charge on the burden of proof, whereas in reality the burden of proof is upon the defendant with respect to several of such special issues."

In due time the appellants requested the court to charge the jury as follows:

"You are instructed that the burden of proof rests upon the defendant herein with respect to issues Nos. 1, 2 and 5, herein submitted to you for determination."

The court refused to give this charge. The court's action in overruling the exceptions to the main charge and in refusing the special charge requested. is made the basis of the four assignments urged in the brief.

[1-3] We think these assignments present reversible error. In the case of Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, the Supreme Court, discussing the burden of proof, says:

"It is an old and well-settled rule that the burden of proof rests upon the plaintiff to establish his case by a preponderance of the evidence. It has been so long in use that many consider it a mere formality but it is not so. It is not idle ceremony, but its office is important, and indeed indispensable, in the administration of justice. It should be jealously guarded by the courts, for a trial without it would in many instances be a mockery, and in all instances unfair, resulting often in a miscarriage of justice. But it is one of those rules which operates alike for the plaintiff and the defendant; that is, the burden is on the plaintiff to establish by a preponderance of the evidence the issues upon which he relies for a recovery, and likewise it is upon the defendant to establish his defenses to the plaintiff's alleged cause of action by a preponderance of the evidence. So that, when the court charges the jury, he should apply the rule to the plaintiff's alleged cause of action, and then apply it also to the defendant's defense or defenses. These rules of practice are familiar to all, and require no citation of authorities."

That was a suit to cancel a contract for the sale of land, in which it was alleged that agents had fraudulently delivered to the grantee a deed held in escrow. One of the agents answered only by a general denial, and specially denied participation in or knowledge of the fraudulent acts of his codefendants. Upon this issue the court charged:

"If the jury find from a preponderance of the evidence that there was an agreement between plaintiff and defendant Boatwright, as set out in paragraph 5 of this charge, and further find

from a preponderance of the evidence that the defendant Boswell had no knowledge of said agreement, and did not agree to hold said deeds and note, as alleged by plaintiff, then the jury will find for the defendant Boswell, as to plaintiff's cause of action against him."

The court said that Boswell's pleading called for no charge upon any defense, except the negative of plaintiff's case, and that the latter portion of the above-quoted charge by implication shifted the burden of proof upon Boswell to disprove the identical facts which the plaintiff was required to prove by a preponderance of the evidence in order to recover; that which the plaintiff had assumed the burden to prove under this charge by implication became the burden of Boswell to disprove. This was held to be reversible error. So in the instant case the appellants· were required to prove the listing contract, as alleged, and that they had procured purchasers ready, willing, and able to buy upon the terms stated. Upon the establishment of these facts their right, prima facie, to a recovery, existed. Appellee alleged affirmatively that he had contracted with the plaintiffs that no commission should be paid, unless the sales were actually consummated, and that the plaintiffs assumed responsibility for getting the signature of his wife to the deeds. We do not express any opinion as to whether these matters were provable under the general issue, but, as said in the case of Frost v. Grimmer, 142 S. W. 615, the matters alleged in defense were in the nature of pleas in confession and avoidance, and the burden of proving them rested upon the party alleging such facts, citing Florida Club v. Lumber Co., 18 Tex. Civ. App. 161, 44 S. W. 10, Cherry v. Butler, 17 S. W. 1090, and Holloman v. White, 41 Tex. 61. By their objections to the court's charge, and the requested special charge, which was refused, the appellants have undoubtedly placed themselves in position to insist upon the error in this court. The general rule that the burden of proof, to establish the affirmative of an issue involved in an action, rests upon the party alleging the facts constituting that issue, and remains there until the end, is fundamental. 10 R. C. L. 898, par. 48; Texas Power & Light Co. v. Bird. 165 S. W. 8; Barnes v. McCarthy, 132 S. W. 85. The question here presented is further discussed and settled in the following cases: Smith v. Smith, 200 S. W. 540; Dodson .v. Watson, 225 S. W. 586; Jackson v. Home National Bank, 185 S. W. 893.

[4-6] The appellee contends that the judgment is proper, because the contract of sale between the purchasers and the appellee was not a contract to purchase the land, but was merely an option contract, and consequently the appellants did not procure purchasers who were ready, able, and willing to bind

themselves to buy the property. A sufficient answer to this insistence is that the uncontradicted proof shows a willingness on the part of the proposed purchasers to close the deal, even after the time limit fixed by the contract had expired. The appellees further insist that the judgment is proper, and should not be reversed, because the contracts of sale provided upon their face that, should defects be discovered in the title which cannot be cured in a way satisfactory to the purchaser's attorney within a reasonable time, then and in that event Willingham should not be required to consummate the sale, and that because at the time the property was listed it was the homestead of Willingham and wife, which facts were known to the appellants, that the wife's homestead interest constituted an incumbrance or defect in the title as would relieve appellee of liability. This proposition is unsound for several reasons. When appellee lists the property with appellants, and a purchaser is found, ready, willing, and able to accept it, the owner cannot avoid liability upon the ground that his wife refuses to execute the deed. He is nevertheless liable in damages to the intended purchaser for breach of the contract. Nor do we agree that the wife's homestead interest is either an incumbrance or a defect in the title. It is clear from this record that the deals were not consummated solely because appellee's wife refused to join him in the conveyances.

[7] Appellee further insists that the answers of the jury to the third, fourth, and sixth special issues are sufficient to sustain the judgment. It was shown without contradiction that the proposed purchasers were not only ready, willing, and able to consummate the deals on October 16, 1920, but it appears that they were both ready for several days thereafter. While the plaintiffs informed the purchasers that Mrs. Willingham would not sign the deeds, they were merely conveying information received from Willingham himself, and repeating what Mrs. Willingham had said to one of the purchasers. In the light of this evidence, the third and fourth special issues became unimportant and unnecessary. While no attack is made upon the answer to the sixth special issue, we think, under the record, the jury's reply is not only unsupported by, but is contrary to, the evidence. While the action of Willingham may not have been a technical abandonment of the contracts, he admits that he refused to consummate the deals because of the fact that his wife would not sign with him. The result, in so far as the rights of appellants and of the purchasers are concerned, is tantamount to an abandonment.

The judgment is reversed, and the cause remanded.

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes