### A. V. LEWIS ET AL. v. GUINN WILLIAMS.

Decided January 27, 1906.

**1.—Striking Out Delayed Pleadings.**

Where a defendant had notice on appearance day that it would be necessary to amend his answer and neglected doing so until the case was called for trial, when an answer setting up for the first time a defense of failure of consideration was filed, it was not an abuse of discretion on the part of the court to strike out such answer on motion of plaintiff.

**2.—Bond for Title—Breach—Interest.**

In a suit upon a bond for title, where the entire amount of the purchase money was paid at the time the bond was executed, and the purchaser never had possession of the land, he is entitled to legal interest on the money paid from the date of the bond.

**3.—Same—Exclusion of Testimony—Harmless Error.**

In a suit to recover money paid upon a bond for title the exclusion of testimony to the effect that no money was ever paid to the principal in the bond, was harmless error where the principal admitted one of the sureties on the bond, to whom the money was paid, had full authority to receive the money.

Error from the District Court of Sherman County. Tried below before Hon. Ira Webster.

*S. G. Tankersley,* for plaintiff in error.

*J. B. Sneed,* for defendant in error.

STEPHENS, ASSOCIATE JUSTICE.—January 12, 1903, A. V. Lewis sold Guinn Williams a section of land in Sherman County, Texas, and, with C. F. Rudolph, J. J. Dimmitt and Geo. W. Newton as sureties, executed to him a bond in the penal sum of fifteen hundred dollars, conditioned as follows: "The consideration paid and agreed to be paid for said land is as follows, to wit: seven hundred and forty-nine dollars ($749.00), cash in hand paid, the receipt of which is hereby acknowledged, and one dollar to be paid on or before June 1, 1903.· Now if the said Guinn Williams shall fully pay said indebtedness according to the legal tenor and effect thereof, the said A. V. Lewis shall make or cause to be made to the said Guinn Williams, . . . a good and valid quit claim deed to said premises on or before June 1, 1903, then this obligation shall be null and void; otherwise it shall remain in full force." Appellee brought suit on this bond, alleging that he had paid $750, the full purchase price of the land at the date of the sale, alleging a breach of the bond, and praying to recover the "amount of his said debt, interest and cost of suit," and for general relief. The defense was a general denial. The court gave him judgment for seven hundred and fifty dollars, with interest from the date of the sale and costs, and from that judgment this appeal is prosecuted.

We see no abuse of discretion in the ruling complained of in the first assignment of error, requiring appellants to amend their answer before the case was called for trial. When notified on appearance day that this would be required of them, they did not even ask leave to amend but waited till the case was called for trial two days later to offer an amended answer pleading in the most general terms a failure of consideration in the instrument declared on. This amended answer contained only four lines, alleging "that the bond sued on herein was executed and delivered without consideration—that nothing whatever had been paid to this defendant, or his order for said contract." A pleading so brief and simple might undoubtedly have been prepared and filed on appearance day, as required by the court of all litigants, and no sufficient excuse was offered for the failure to meet this requirement.

The claim put forth by the second assignment, that appellee was not entitled to interest on the purchase price of the land from the date of its payment but only from the time when he was entitled to a deed, must be rejected, since appellant Lewis admitted that he had refused to ·deliver the deed to appellee, thus repudiating the sale, and it is not pretended that appellee ever had possession of the land.

The third and last assignment presents a question of more difficulty, but it, too, must be overruled, because, however erroneous may have been the ruling complained of, the result would have been the same if the testimony excluded on appellee's objections, of which ruling the assignment complains, had been admitted. The most that appellant Lewis offered to prove by the excluded testimony was, that nothing had ever been paid to him for the land, which was an immaterial issue in this case, since he admitted that Mr. Rudolph, one of his sureties on the bond, through whom the trade had been made and to whom the money had been paid, had full authority to act for him. The judgment is therefore affirmed.

*Affirmed.*