In Equity.

KITTERY WATER DISTRICT, Petitioner,

*vs.*

AGAMENTICUS WATER COMPANY.

York.     Opinion August 3, 1907.

*Water District.     Meeting.     Warrant therefor.     Technical objections.     Petition
for Appraisers.     Prior petition no bar.     Special Laws, 1907,
chapter 424, sections 7, 12.     R. S., chapter 4.*

In a case where important rights affecting a community are involved, and the substantial rights of all are protected, an objection which at most is only technical, is entitled to but little weight.

When the meaning of an instrument is just as unmistakable as if more directly expressed, it is sufficient in law although not in the mold of fashion or technical form.

In the case at bar, a part of the town of Kittery was incorporated under the provisions of chapter 424 of the Special Laws of 1907, by the name of the Kittery Water District, and was authorized to acquire by purchase or by the exercise of the right of eminent domain the "entire plant, property and franchises, rights and privileges" of the defendant company. Said chapter 424 was to take effect "when accepted by a majority vote of the legal voters within said Water District voting at a meeting" specially called for the purpose on or before the first day of May, 1907. By section 7 of said chapter it is provided that if the trustees of the Water District failed to agree with the defendant company upon the terms of the purchase "on or before June 1, 1907," the Water District might through its trustees on or before June 1, 1907, petition any Justice of the Supreme Judicial Court for the appointment of appraisers to fix the valuation of the defendant company's plant and property. In accordance with the provisions of said chapter a meeting of the inhabitants of said Water District was held April 8, 1907, and at said meeting said inhabitants, by a majority vote voted to accept the aforesaid Act. *Held:* 1. That the warrant calling said meeting was valid although addressed to the "inhabitants of the Kittery Water District." 2. That said meeting was a legal meeting and the acceptance of said Act valid.

The Trustees of the Water District failing to agree with the defendant upon the terms of purchase, on May 2, 1907, filed a petition for appointment of appraisers, addressed to a Justice of the Supreme Judicial Court, who

ordered a hearing thereon before another Justice of said court. The latter Justice, at the hearing, ruled that he had no jurisdiction in the matter and dismissed the petition "without prejudice." The defendant then claimed costs and the claim was allowed. On June 1, 1907, the Water District filed another petition for the appointment of appraisers, addressed to a Justice of said court. *Held* : That the petition filed May 2, 1907, and which was dismissed "without prejudice" and on which the defendant claimed and was allowed costs, was no bar to the petition filed June 1, 1907.

In equity. On report. Cause to stand for further hearing below.

Petition for the appointment of appraisers under the provisions of chapter 424, Special Laws, 1907, incorporating the plaintiff Water District and authorizing it to acquire by purchase or by the exercise of the right of eminent domain the entire plant, property and franchises, rights and privileges of the defendant company. Petition dated and filed June 1, 1907. Answer and pleadings filed June 18, 1907. Heard June 18, and June 28, 1907, and decree made appointing three appraisers. The parties consenting thereto, the cause was then "reported to the Law Court for the Western District now in session, the cause to stand for further hearing in the court below or to be dismissed as the Law Court may determine."

The case sufficiently appears in the opinion.

*Aaron B. Cole and Heath & Andrews*, for plaintiff.

*George C. Wing, George C. Wing, Jr., and Cleaves, Waterhouse & Emery*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, KING, JJ.

STROUT, J. By chapter 424 of the Special Laws of 1907 a part of the town of Kittery was incorporated by the name of the Kittery Water District, and was authorized to acquire by purchase or by the exercise of the right of eminent domain the "entire plant, property and franchises, rights and privileges" of the Agamenticus Water Company. That Act was to take effect "when accepted by a majority vote of the legal voters within said Water District voting at a meeting" specially called for the purpose on or before the first day of May, 1907. By section 7 of the Act it is provided that if

the trustees of the Water District fail to agree with the Water Company upon the terms of purchase "on or before June 1, 1907" the Water District might through its trustees on or before June first 1907" petition to any Justice of this court for the appointment of appraisers to fix the valuation of the Water Company's plant and property.

The case before the court is a petition by the Water District for the appointment of appraisers, filed on June 1, 1907, addressed to Justice SPEAR, who, after notice to interested parties, heard the case on June 18, 1907, and appointed three appraisers. The respondents in their answer to this petition denied that the Act had been accepted at a legal meeting of the voters of the District and claimed that the special meeting of the voters of the District held on April 8, 1907, at which the Act was accepted was not legally called or conducted; and that the trustees elected at that meeting were not legally elected. The answer also sets out that the trustees of the Water District on May 2, 1907, filed a petition for appraisers addressed to Justice PEABODY, of substantially the same character as the present petition on which a hearing was ordered for May 21, 1907, before Justice SAVAGE, to which petition the Water Company filed answer and demurrer. At the hearing before Justice SAVAGE he held that he had no jurisdiction, as the petition had been addressed to and received by Justice PEABODY. The docket entry upon this petition at the May term is "May 21st 1907. Petition dismissed without prejudice. Defendant claims costs. Claim allowed." This entry was made after adjournment nunc pro tunc. Respondents claim this petition is still pending and is a bar to the present petition. The case was thereupon reported to this court.

In argument here it is objected that the warrant for the meeting to act upon the question of acceptance of the charter was to warn the "inhabitants of the Kittery Water District" qualified to vote, and it is said that there was no Water District before the Act was accepted. By section 12 of the Act it is provided that on approval by the Governor it should take effect so far as necessary for calling and holding the meeting; so there was a Water District for that

purpose. There is no merit in this objection. The warrant might have been directed to the inhabitants of the territory described in the charter, but no one could be misled by the direction to the Water District. As said by Chief Justice PETERS in *Prentiss* v. *Davis*, 83 Maine, 364, "Although not in the mold of fashion or technical form, the meaning is just as unmistakable as if more directly expressed."

The meeting was called at 7.30 in the afternoon. The charter provided that the meeting should "be called, advertised and conducted according to the laws relating to municipal elections." Chapter 4 of R. S., relating to elections in towns applied and governed. This special meeting was duly called and its proceedings had in accordance with the provisions of that statute and the charter to which it applied. In the District there were 487 voters; 325 were present at the meeting, and 261 voted to accept the charter. The referendum to the people was designed to obtain an expression of their wishes. Such a full expression as was here had should not be disregarded unless some imperative statute or rule of law requires. We find none. We hold that the meeting was legal and the acceptance of the charter valid.

The first petition for appointment of appraisers, dated May 1, 1907, and filed May 2, addressed to Justice PEABODY, was resisted by the respondents upon the ground (among others) that it was premature. It was claimed that under the provisions of the charter in section 7 for condemnation of defendant's plant, if the parties failed to agree upon terms of purchase "on or before June first," a petition could not be filed before June 1. It is true that in the same section it is provided that the petition may be filed "on or before June first." The two provisions are to be construed together. The argument that the Legislature intended the parties to have the month of May to negotiate for a purchase is strong, but the language quoted as to filing the petition at least raises a serious doubt as to whether the first petition could not be maintained. The complainant did not withdraw that petition but acquiesced in its dismissal by Justice SAVAGE to avoid that doubt and possible future litigation. The defendant claimed and was

allowed costs.    It does not lie in its mouth now to reverse itself
and claim that ·the first petition is maintainable and a bar to this.
If the first petition was premature it had no life, and no effect
upon the later petition.    It would seem that no practical incon-
venience or effect upon the rights of the parties will accrue if the
second petition is upheld and condemnation proceedings had under
it.    At most, the objection is technical, and' in a case like the pres-
ent where important rights affecting a community are involved,
and the substantial rights of all parties are protected, is entitled to
but little weight.    The present petition is sustained. ·

The entry must be,

> *Cause to stand for further hearing*
> *in the court below.*