## STATE ex rel. EDWARDS v. MONTGOMERY et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1911.)

1. MUNICIPAL CORPORATIONS (§ 12*)—ORGANIZATION—PETITION—MAP OR PLAT.

Under the statutory provisions for the incorporation of a town, the failure to accompany the petition for an election on the question of incorporation with a map or plat is not such a

noncompliance as to render the attempt to incorporate invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 22–32; Dec. Dig. § 12.*]

2. MUNICIPAL CORPORATIONS (§ 12*)—ORGANIZATION—ENTRY OF RESULT OF ELECTION—EVIDENCE OF CORPORATE EXISTENCE.

Under Sayles' Ann. Civ. St. 1897, art. 586, which provides that the county judge, within 20 days after receipt of the returns of an election resulting in favor of a town's incorporation, shall make an entry upon the records that the inhabitants of the town are incorporated within the boundaries thereof, etc., such entry by the county judge is but prima facie proof of the facts recited therein, which may be established otherwise than by the record, and the entry of such order is not necessary, so that defects therein are immaterial.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 12.*]

Appeal from District Court, Floyd County; L. S. Kinder, Judge.

Quo warranto by the State of Texas, on the relation of T. H. Edwards, against W. T. Montgomery and others. Petition dismissed, and relator appeals. Affirmed.

Houghton & Hall, for appellant. J. H. Brownlee, for appellees.

HALL, J. This is a suit in the nature of a quo warranto against the municipal officers of the town of Floydada, filed the 13th day of July, A. D. 1911, to test the validity of the incorporation of said town. Relator alleged that said town had never been legally incorporated, because (1) the petition to the county judge, asking for the election, fails to specifically set out the boundaries of the proposed incorporation, and (2) is not accompanied by a map or plat showing the specific boundaries thereof; that the order of the county judge, ordering the election, is void for the reason that (3) no proper petition was ever presented to said judge, and the order is not sufficient because (4) it does not sufficiently define the boundaries of said proposed incorporation; that the final order of the county judge is not in compliance with law (5) in that it nowhere describes the boundaries of said town, and (6) fails to declare that the inhabitants of any prescribed territory are incorporated, and (7) it does not appear from said order that the same was entered within 20 days after the returns of the election were received by the county judge, as required by article 586, Sayles' Civil Statutes 1897. The trial court sustained a general demurrer and dismissed the petition, from which order relator appeals.

A careful inspection of the field notes of the proposed incorporation, as set out in the petition, shows that relator's objection upon that ground is not well taken.

[1] The second contention named above, to the effect that no map or plat accompanied the petition, is settled adversely to relator by the Supreme Court in the case of State v. Hoard, 94 Tex. 527, 62 S. W. 1054.

Holding, as we have, that the boundaries of the proposed incorporation, as set out in the petition, are sufficient, we overrule the third objection above set out, there being no other insufficiency apparent upon the face of the petition.

The fourth objection, to the effect that the boundaries are not sufficiently set out in the order for the election, must be overruled, since the proposed incorporation, as set out in the petition, is the same as that set out in the order, though described in somewhat different manner.

[2] Ramsey, J., in Ex parte Drake, 55 Tex. Cr. 233, 116 S. W. 49, says: "That the entry by the county judge of the election by the citizens of Pilot Point was but record evidence of that fact; yet if the entry had never been made, still we think that proof could have been made of the fact otherwise than by said entry." If the final order provided for in the statute is but prima facie evidence of the fact of incorporation and of the territory included therein, and such facts can be established otherwise than by the introduction of the order, as held by Ramsey, J., then the entry of such order is not necessary, and therefore the fifth, sixth, and seventh objections urged by relator are not well taken. The order as entered sufficiently declares the fact of incorporation.

It follows that there was no error in the ruling of the trial court sustaining the general demurrer to the petition and dismissing the cause, and the judgment of the lower court is therefore affirmed.