STATE ex rel. MILLER et al. v. TROELL et al. (No. 6101.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1918. Rehearing Denied Jan. 15, 1919.)

1. MUNICIPAL CORPORATIONS ⬤➡12(8)—INCORPORATION—ELECTIONS—ORDERS.

Order, purporting to be only notice of election to determine whether town should be incorporated, signed by county judge, *held* a valid and sufficient order for the election.

2. MUNICIPAL CORPORATIONS ⬤➡12(8)—INCORPORATION—ELECTIONS—ORDERS.

Requirement of Rev. St. 1911, art. 1037, that election to determine whether town shall be incorporated shall be held after ten days' notice, is directory.

3. MUNICIPAL CORPORATIONS ⬤➡12(8)—INCORPORATION—ELECTION—NOTICE.

That 102 of 115 town electors voted at election to determine whether town should be incorporated is proof of actual notice, and, in the absence of fraud, the election was not invalid

for failure to advertise it for ten days, as required by Rev. St. 1911, art. 1037.

4. MUNICIPAL CORPORATIONS 12(8) — INCORPORATION—ELECTION—ORDERS.

Where county judge, in response to petition, ordered election on specified date to determine whether town should be incorporated, and that election was temporarily restrained, he could order another election on dissolution of the injunction, without new petition.

5. MUNICIPAL CORPORATIONS 12(8) — INCORPORATION—ELECTION.

Fact that promoters of town election to determine whether town should be incorporated procured order for election without ten days' statutory notice in order to beat neighboring town election did not invalidate the election when the judge acted fairly and without corrupt motive.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Suit in nature of quo warranto by the State, on relation of J. D. Miller and others, against Charles T. Troell and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

T. P. Morris, of Floresville, W. W. Walling, of San Antonio, and J. D. Dodson, of Laredo, for appellants.

Dibrell & Mosheim, of Seguin, and F. H. Burmeister, of Jourdanton, for appellees.

SWEARINGEN, J. This is a suit in the nature of a quo warranto by the state of Texas, upon the relation of residents and property owners within the territory embraced in the town of Pleasanton, to test the legal existence of Pleasanton as a municipal corporation. The cause was tried by the court without a jury. The judgment was in favor of the defendants in the trial court, holding that Pleasanton was legally incorporated.

The issues made by the pleadings and testimony may be fairly stated as follows: Based upon the petition of proper signers in compliance with statutory requirements, the county judge of Atascosa county, upon proof, found that there was the required population and ordered an election to determine the question of incorporation. An order was made May 30, 1916, and designated June 10, 1916, as the date of the election. The officer was selected for holding the election and notice published. The election was not held on June 10, 1916, because temporarily enjoined by the district court. The temporary injunction was dissolved November 24, 1916, after which, on the same day, the county judge signed the following document:

"Notice of an Election to be Held in the Town of Pleasanton, to Determine Whether or Not Said Town Shall be Incorporated.

"Whereas, on May 30, 1916, the Honorable Walter E. Jones, county judge of Atascosa county, Texas, pursuant to a petition by the requisite number of qualified voters, residing in the town of Pleasanton, asking for an election to determine whether or not the town of Pleasanton shall be incorporated as a town or village, issued his proclamation for said election to be held in the town of Pleasanton in the southwest room of the old courthouse building on the first floor, on the 10th day of June, 1916;

"And whereas, notices of said election were given on the 30th day of May, 1916, by posting printed notices thereof in three public places in the town of Pleasanton, and within the territory sought to be incorporated, that an election would be held at the time and place specified in said proclamation;

"And whereas, on 9th day of June, 1916, said election was enjoined at the instance and upon the petition of W. L. Payne, W. L. Baird, F. L. Baird, Herschel Cast and E. R. Breaker, filed in the district court of Atascosa county on June 9, 1916, by the temporary order and fiat of the Honorable F. G. Chambliss, judge of the Thirty-Sixth judicial district of Texas;

"And whereas, on the 24th day of November, 1916, in the district court of Atascosa county, the Honorable F. G. Chambliss dissolved said temporary injunction:

"Now, therefore, notice is hereby given that an election will be held on the 25th day of November, 1916, in the southwest room of the old courthouse building on first floor in the town of Pleasanton, in Atascosa county, Texas, to determine whether or not the town of Pleasanton shall be incorporated.

"Reference is here made to the petition filed in the office of the county judge of Atascosa county, Texas, on the 30th day of May, 1916, and the plat accompanying same, asking for an election in the town of Pleasanton on the 10th day of June, 1916, to determine whether said town shall be incorporated.

"Every male person who has attained the age of 21 years and who has resided within the limits of the proposed town of Pleasanton for six months, next preceding this election, and who is a qualified elector under the laws of the state of Texas, shall be entitled to vote at said election.

"Said election was ordered by the county judge of Atascosa county, by order made on the 30th day of May, 1916, and this notice is given in pursuance of said order.

"Dated this November 24, 1916.
"H. F. Smith,
        "Presiding Officer.
                        "Walter E. Jones,
        "County Judge, Atascosa County, Texas."

Notice of the above was given by posting same on November 24th. The election was held the following day, November 25th. In addition to the foregoing, the undisputed testimony shows that the qualified voters in the territory had actual notice of the election in time to vote, and that 102 of the 115 qualified voters participated in the election by casting their ballots in favor of the incorporation. The promoters of the incorporation of Pleasanton desired to hold the election prior to an election to incorporate North Pleasanton, as a portion of the terri-

tory was embraced in the petitions for both incorporations.

The proposition presented in the six assignments is stated by appellants to be:

"The contention of appellants is that 'Pleasanton' is forbidden corporate existence by the Constitution except under the general laws, and that it cannot be held to be incorporated under the general laws authorizing such corporations because the election was not held on the day named in the order and was held on less than one day's notice, and there was therefore no compliance with the general law. Moreover, if it should be held under some facts that compliance with the general law was not essential either as to the time or the notice, but that both could be disregarded in the same election, still, where the disregard for and failure to comply with the law was intentionally and purposely done for the admitted and express purpose of holding the election before another election could be held which had been ordered as provided by the general law and which was abiding the 10 days' notice provided by general law, as is here admitted, the courts will not relax the rigors of the law, excuse its disregard, and thereby give effect to an advantage sought by illegal methods over the person who respected the law."

It will be seen from the foregoing that it is necessary to determine whether the document above set out dated November 24, 1916, is evidence of an order of an election made by the county judge. Appellants urge that the document is only a notice of an election, and not an order. Appellees insist that the document is the evidence of the order of the county judge, and further urge that as the voters had actual notice of the order in time to have voted, and as 90 per cent. of the qualified voters voted for the incorporation, the publication of notice for ten days has become immaterial.

[1] Upon the filing of a requisite petition, the qualified voters of the town of Pleasanton, containing, as it did, a population of between 500 and 10,000, were entitled to have the county judge order an election. There is no provision requiring this order to be made in writing nor entered of record in any particular book or place, nor requiring the order to be made within a certain time after the petition was filed with the county judge. The only requirement is that the judge hear proof and then order the election, stating in the order itself the time and place when and where the ballots are to be cast.

The instrument under consideration was executed by the county judge and purports to be given in response to the petition filed May 30, 1916, and after proof of population made in action upon that petition. In this said instrument, dated November 24th, the county judge designated the time and place for holding the election. We think the instrument, though it recites that it is a notice, is in fact an order for the election to be

held on the date mentioned in it, namely, November 25, 1916. The document is a sufficient order from the proper authority in compliance with an initial statutory petition and after conclusive proof of population.

[2, 3] Article 1037, Rev. St., provides that the election thus ordered shall be held after ten days' notice. This provision for notice is directory. Norman v. Thompson, 30 Tex. Civ. App. 537, 72 S. W. 64. The fact that 90 per cent. of the voters actually voted for the incorporation at the time and place designated in the order of November 24, 1916, is proof of actual notice, and, in the absence of any fraud, the election will not be invalidated because of the failure to advertise the election for the statutory period of ten days. Norman v. Thompson, 30 Tex. Civ. App. 537, 72 S. W. 64; Wallis v. Williams, 50 Tex. Civ. App. 623, 110 S. W. 787; Clark v. Leathers (Ky.) 5 S. W. 578; Ex parte Segars, 32 Tex. Cr. R. 553, 25 S. W. 26; Ex parte Mayes, 39 Tex. Cr. R. 36, 44 S. W. 831; McCrory on Elections, §§ 166–176; 9 R. C. L. p. 991, § 14; 10 Am. & Eng. Ency. 10; Cooley on Cons. Lim.

[4] We cannot concur in the proposition, of appellants, that because the county judge made an order for the election to be held on June 10, 1916, which was restrained by injunction, the judge could never again issue the order after dissolution of the injunction, unless there was a new initial petition and a new hearing of proof of population.

[5] The injunction restrained the election on the 10th of June, as ordered, but did not deprive the county judge of the authority to perform his duty of ordering the election to be held at time and place specified in the order, when petitioned to do so. The contention that the ten days' notice of the election on November 25, 1916, was not given because the promoters of the town of Pleasanton desired to hold the election before the incorporation of North Pleasanton was voted upon, can have no bearing upon the question before us, for the following reason: The county judge ordered the election for November 25, 1916, and not the promoters. There is no evidence that the county judge deliberately attempted to have the election of Pleasanton precede the election for the incorporation of North Pleasanton. On the contrary, the record discloses the complete impartiality of the county judge in ordering the elections.

We therefore hold that all the procedure for incorporating the town of Pleasanton was regular in every respect except the provision that ten days' notice of the election to be held on November 25, 1916, be given. This omission, or irregularity, was rendered harmless by the fact that 102 of the 115 qualified voters in the territory to be incor-

porated cast their ballots and were in favor of incorporating.

The six assignments are overruled.

The judgment is affirmed.

⏚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes