Argued April 27, demurrer sustained and action dismissed June 8, 1920.

## STATE Ex Inf. *v.* PARKEY.

(190 Pac. 319.)

**Waters—Farmers' Domestic Water District—Election of Officers— Ballot Title.**

1. Under Laws of 1917, page 721, Section 3, relating to the organization and election of commissioners of a water district, prescribing as a ballot title "Shall that portion of ——— county, * * be incorporated as a municipal corporation for the purpose of obtaining water for domestic use for its inhabitants and to be known as," followed by the proposed name, and providing that the affirmative should be numbered 300 and the negative 301, a ballot entitled "For Incorporation of Farmers' Domestic Water District," vote "Yes" or "No," was not such a departure or irregularity as to invalidate an election, as its form could not be misleading.

Original Proceedings in Supreme Court in *quo warranto.*

In Banc.

This is an original action in the nature of *quo warranto* to determine the right of the defendants to act as commissioners of Farmers' Domestic Water District. Upon the petition of the district attorney an alternative writ of *mandamus* issued out of this court, directing the defendants to abandon their claim to the office of commissioners, or to show cause why they should not. The defendants demurred to the complaint, and the cause is now submitted thereon.                    DISMISSED.

*Mr. Lewis H. Irving,* on petition for plaintiff.

*Mr. W. A. Johnson,* for defendant.

*Mr. Arthur A. Murphy,* appearing *amicus curiae.*

BENSON, J.—The County Court of Jefferson County, upon a proper and sufficient petition, ordered an election to be held in certain specified territory in such county, upon the question of incorporating a municipal district for the purpose of supplying the inhabitants with water for domestic purposes; the proceedings being had under and by virtue of the provisions of Chapter 346 of the General Laws of Oregon for 1917. The election was held, resulting in a majority vote in favor of the organization, and choosing these defendants as the commissioners of the district so organized. Plaintiff attacks the validity of the election upon the ground that the form of ballot used does not comply with the requirements of the statute. The accuracy of the ballot is challenged in two particulars: (1) That it did not contain the ballot title required by the statute; and (2) that the ballot numbers used were not those specified in the act.

Section 3 of the act under which the election was held contains the following:

"The ballot title to be used at such specified election shall read as follows:

"Shall that portion of —— county, State of Oregon, * * be incorporated as a municipal corporation for the purpose of obtaining water for domestic use for its inhabitants and to be known as —— (here insert proposed name) in accordance with the provisions of that certain act of the legislative assembly of the State of Oregon, passed at its regular session held in 1917, entitled 'An act to authorize communities to incorporate for the purpose of supplying their inhabitants with water for domestic purposes; to issue, sell and dispose of bonds and other securities, levy taxes and have the right of eminent domain for such purpose?'"

It further provides that—

"The affirmative of the measure on the official ballot shall be numbered 300 and the negative shall be numbered 301, both in numerals."

The preparation of such ballot is by the act intrusted to the county clerk. That officer, in the present instance, appears to have performed his part of the work without any serious consideration of the statute, since, instead of using the prescribed ballot title, there was substituted this: "For incorporation of Farmers' Domestic Water District Vote 'Yes' or 'No.' "

Instead of using the ballot numbers "300" and "301," there were substituted the numbers "12" and "13." These two departures from the statutory directions constitute the sole basis of the action. The ballot which was used contained, at its head, in bold type, these words: "Official Ballot, Special Election, Farmers' Domestic Water District, Held on Tuesday the 14th day of October, 1919." This was followed by a specification of the polling place, and a detailed description of the territory to be included in the district. The only matters to be voted upon were the incorporation of the district and the selection of commissioners to manage its affairs.

The first question to be considered is: Does the omission of the prescribed ballot title invalidate the election? This question has been definitely answered by this court in the case of *Kiernan* v. *Portland,* 57 Or. 454 (111 Pac. 379, 112 Pac. 402, 37 L. R. A. (N. S.) 332). In that case, the municipal ordinance required that the ballot should contain the words, "Charter amendment submitted by the council," and it was urged that the omission of them from the ballot rendered the election void. Speaking for the court, Mr. Justice McBRIDE says:

"It may be conceded that these words should have been printed upon the ballot, and that the ordinance requiring this to be done is in a sense mandatory upon the officers charged with the duty of preparing the ballot; but it does not follow that a failure in this respect rendered the election void. The omission could have misled nobody, as the important question for the voter to decide was, not who introduced the measure, but what its real merits were."

So, in the present case, the ballot, we think, contained sufficient information to fully advise the electors as to the question which was to be determined by their votes, and it seems clear that nobody could have been misled by the omission.

The contention regarding the use of other ballot numbers than those specified in the statute is disposed of in like manner, by the opinion of this court in *State ex rel.* v. *Kelsey,* 66 Or. 70 (133 Pac. 806), which was a case wherein the city ordinance directed that the ballot numbers should be "400" and "401," while the ballot as prepared, used the numbers "10" and "11." It was there held that the ballot otherwise clearly notified the voter as to how he was to vote, and that nobody could have been misled by the error.

It is to be regretted that county officials should be guilty of the negligence in the preparation of this ballot, when a strict compliance with the requirements of the law would have been so simple and easy; but we must conclude, upon authority, that the assigned defects do not render the election void, and the demurrer is therefore sustained, and the action dismissed.　　　　　DEMURRER SUSTAINED.

Justice BURNETT, not sitting.