**McDONALD et al. v. WHALEY.** (No. 1725.)

(Court of Civil Appeals of Texas. Amarillo.
Feb. 2, 1921. Rehearing Denied
March 9, 1921.)

**1. Trial ⊘⇒350(4)—Special issue as to duty under contract held not erroneous as involving a conclusion of law.**

In a suit to recover the purchase money for land for vendor's default in sinking a well, submission of a special issue as to whether it was defendant's "duty" to sink the well prior to a given date *held* not erroneous as involving a conclusion of law.

**2. Trial ⊘⇒352(4)—Special issue held not erroneous as not supported by evidence.**

In a suit to recover the purchase money for land because of vendor's default in sinking a well, submission of a special issue as to whether plaintiff made a tender of performance *held* not erroneous as not being supported by evidence.

**3. Trial ⊘⇒350(4)—Special issue as to reasonable time for performance held not erroneous as a legal conclusion.**

In a suit to recover the purchase price of land for vendor's default in failing to sink a well before a given date, submission of a special issue as to whether defendants had performed their part of the undertaking of sinking the well before such date or within a reasonable time thereafter *held* not to call for a legal conclusion; question of reasonable time being an issue of fact, and not of law, under the evidence.

**4. Trial ⊘⇒194(11)—Instruction as to reasonable time for performance of contract held to invade province of jury.**

In a suit to recover the purchase price of land for vendor's failure to sink a well before given time, it was not error to refuse to instruct what would be a reasonable time within which to perform the contract within the meaning of the law; such charge constituting an invasion of the province of the jury, and being on the weight of the evidence.

**5. Appeal and error ⊘⇒1032(3)—Assignment of error failing to show injury from erroneous instruction held insufficient.**

In a suit to recover the purchase price paid for land upon vendor's default in failing to sink a well, an instruction not to consider offers of settlement or compromise which was erroneous as being general and indefinite is not reversible error, where the assignment of error fails to show resulting injury.

**6. Appeal and error ⊘⇒1064(1) — Instruction as to burden of proving affirmative of special issues held not reversible error as too indefinite.**

An instruction that the burden of proof is on the party asserting the affirmative of any of the special issues submitted, and that, if the jury found that the party asserting the affirmative had failed to discharge his burden, to find against such party, *held* not reversible error as too indefinite, no injury being shown.

**7. Evidence ⊘⇒213(2), 271(19)—Letter from vendors held properly excluded as self-serving and offer to compromise.**

In a suit to recover the purchase price paid for land on vendor's default in sinking a well before a given date, a letter from vendors proposing to execute a deed to be deposited subject to a new contract *held* properly excluded as being self-serving and offer to compromise.

**8. Vendor and purchaser ⊘⇒341(5)—In suit to recover price paid, purchaser held entitled to recover interest.**

In an action to recover the purchase price paid for land on vendor's default in failing to sink a well as required by the contract, plaintiff purchaser *held* entitled to recover interest from the date of the payment of the money.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by E. E. Whaley against D. L. McDonald and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 194 S. W. 411, and 207 S. W. 609.

Wm. M. Knight and W. H. Russell, both of Hereford, for appellants.

F. P. Works, of Amarillo, and S. J. Dodson, of El Paso, for appellee.

HALL, J. This suit was brought by appellee, Whaley, to recover of the appellants, D. L. McDonald and S. B. Edwards, the sum of $4,500, with interest from May 6, 1913. Appellee paid appellants said sum under a written contract for the purchase of certain land in Deaf Smith county on May 5, 1913. Appellee becoming dissatisfied with the land, it was agreed that the money so paid should be applied to the purchase of a different tract of land, known as the Estes place. This is the third appearance of this litigation in this court. The case is first reported in 194 S. W. 411, and again in 207 S. W. 609, where the issues and facts are fully set out. We deem it unnecessary to make a further extended statement of the nature of the suit here, and refer to our former opinions, since the issues are practically the same as heretofore. The two former appeals were from directed verdicts. In the last trial the court submitted the matters to the jury upon special issues. The jury found in effect: (1) That the written contract of May 5th for the sale of what is known as the McDonald tract of land, was abandoned by the parties and the money which had been paid was transferred to the Estes land; (2) that there was an oral agreement for the sale of the Estes land; (3) that it was the duty of the defendants to sink the well on the Estes land prior to November 1, 1913; (4) that it was not understood that plaintiff was to return from Colorado to Hereford, Tex., in August, 1913, and exchange deeds or enter into a binding contract with defendants before the well was to be sunk on the Estes land; (5)

that the plaintiff made a tender of performance; (6) that defendants failed to perform their part of the undertaking on November 1, 1913, or within a reasonable time thereafter; (7) that plaintiff used due diligence in moving to Hereford from Colorado; and (8) that the defendants' agreement to sink the well on the Estes land by November 1st was not upon condition that plaintiff should return from Colorado in the month of August, and close the deal for the Estes land by either entering into a written contract or by the exchange of deeds with defendants.

[1] Under the first assignment it is insisted that the court erred in submitting the third special issue, as follows: "Was it the duty of defendants to sink a well on the Estes land prior to November 1, 1913?" Appellants contend that the answer to this issue involves a conclusion of law. This contention cannot be sustained. It appears from the facts that appellee and his wife reached Texas in October; that nothing had been done toward sinking the well for irrigation purposes on the Estes land. They had previously written appellants in June that they had decided to take the Estes land, and appellee's contention at all times has been that under the verbal contract it was the duty of the defendants to have the well completed on or before November 1st. On the other hand, appellant's contention was that they were not obligated to put down the well until after appellee had signed a written, binding contract to take the land or had delivered them his deed conveying certain property of his in Colorado and accepted a deed from appellants conveying to him the premises in question. The language used by the trial court in submitting the issue may be subject to the construction placed upon it, but the jury evidently understood it in the proper sense, as calling for a determination of the respective issues. The effect of their finding is to affirm appellee's contention that defendants were obligated to sink the well prior to November 1st. In submitting the issue the court used the language employed by this court in 207 S. W. 610, where it is said:

"Under their amended pleadings, as they appear in the record on this appeal, the first issue to be determined is whether under the contract it became the duty of appellants to sink the well prior to November 1, 1913," etc.

Reference to that opinion shows that the language was used in discussing the facts and not the law of the case.

[2] By the second assignment it is contended that the court erred in submitting special issue No. 5, inquiring whether the plaintiff made a tender of performance to defendants. As will be shown in discussing other assignments, this was an immaterial issue, since the jury found that defendants had not bored the well on November 1, 1913, or within a reasonable time thereafter, and found in answer to issue No. 3 that they had promised to do so prior to November 1, 1913. If we admit that it was necessary for appellee to make a tender prior to November 1, 1913, there is nevertheless sufficient evidence in the record to sustain the finding. Appellee and his wife reached Hereford October 23d, bringing the deed to the Colorado land, and they testified that they told appellant McDonald they wanted the Estes place; that they had their deed ready and had come down to fix the matters up and were ready to close the deal. This issue is not subject to the objections urged.

[3, 4] The submission by the court of special issue No. 6 is made the basis of the third assignment. By this issue the court inquired whether defendants had performed their part of the undertaking; i. e., sinking the well on November 1st, or within a reasonable time thereafter. This question does not call for a legal conclusion. The question of what is a reasonable time for sinking the well is, under the facts of this case, an issue of fact, and not of law. It was shown that as late as December 31st no effort had been made by defendants to discharge this obligation under the contract. Upon the arrival of appellee in Hereford in October, appellants insisted that he move upon the land and that the deal be closed, promising to put down the well before the following spring. This was a proposition to modify the original contract, which the jury found bound appellants to sink the well on or before November 1st, or within a reasonable time thereafter. We think the evidence sustains this finding. The proposition is further submitted under this assignment that the court erred in not instructing the jury as to "what would be a reasonable time within which to perform the contract within the meaning of the law." Such a charge would have invaded the province of the jury and would have been upon the weight of the evidence.

The first paragraph of the general charge instructs the jury not to consider any statement of any of the witnesses in the nature of an offer of settlement or compromise and to consider only negotiations within a reasonable time after November 1st, in so far as they showed a willingness to comply with the contract. It appears that in the introduction of testimony in behalf of appellants conversations were detailed in which they had endeavored to persuade appellee to modify and change in several particulars the original agreement. This testimony was discussed by this court in the last preceding opinion, in which it is said (207 S. W. 610 [5]):

"Any testimony tending to show appellants' willingness to comply with the contract, as alleged by them, made within a reasonable time after November 1st, is admissible; but self-serving declarations, counter propositions, or offers in the nature of a compromise should not be admitted."

This language was used in disposing of some objections made to certain testimony which had been admitted by the court during the former trial.

[5] While the charge is subject to the objection that it is general and indefinite in not pointing out the objectionable evidence, appellants have failed in their assignment to show any injury resulting to them by the charge. It is not shown that the jury, in an attempt to obey this charge, probably refused to consider any competent evidence.

[6] The fifth assignment complains of paragraph 2 of the general charge, which is as follows:

"You are charged that the burden of proof is on the party asserting the affirmative of any of the special issues submitted to you in this charge, and if you find that the party asserting the affirmative of such special issue has failed to discharge this burden, you will find against the party on such issue."

Presumably the jurors had the pleadings during their deliberation, and from these ascertained what issues the respective parties were "asserting." This distinguishes the charges in the instant case from the charges in Colorado & Southern Railway v. Rowe, 224 S. W. 928, and Quanah Acme & Pacific Ry. v. Novit, 199 S. W. 496. We admit that the better practice required the trial judge to be more definite, but the answers returned show that the jurors fully understood the charge and the issues made by the pleadings. No injury being shown, this assignment is overruled. What is said here also disposes of the sixth assignment.

The seventh assignment is based on the exclusion of the evidence of appellant Edwards of a conversation with appellee about the middle of November. This assignment is not supported by proper bill of exception. The statement of facts, however, shows that Edwards told appellee that appellants "were ready to go ahead and complete the deal and put the well down within a reasonable time." This statement was not withdrawn from the jury.

[7] December 31st appellants wrote appellee, stating in substance that they had discussed the land sale made to him and had concluded that they had made the sale in good faith and were ready at any time to execute a deed either to the land under contract or any of the tracts since offered. They proposed to execute a deed to be deposited with the deed from appellee in the bank to remain subject to the conditions of a new contract, and suggesting a new stipulation with reference to the crops on the Colorado farm. Appellee objected to the introduction of this letter upon the ground that it was self-serving and was an offer of compromise. We think the objections were properly sustained. The letter does not appear to have been written in reply to any communication from appellee, and its language suggests an attempt to manufacture evidence. The closing paragraph of this letter is:

"We are ready to close up a new contract any time or consummate the sale under the contract which you now hold and which is the only one now in existence between us."

Under the ninth and fourteenth assignments it is urged that the judgment rendered, including the sum of $1,500 as the value of the automobile, is contrary to the law and the evidence because the market value of the automobile at the time of the trade is the correct measure of damages. It will be remembered that the automobile was accepted by appellants at an agreed valuation of $1,500, and therefore the rule which governs in the exchange of property does not apply. This point was discussed in our former opinion 207 S. W. 610 (3, 4). Further discussion is unnecessary. 24 R. C. L. 1201, § 16.

The tenth assignment is:

"The court erred in rendering judgment against the defendants for 6 per cent. interest on $4,500 from May 6, 1913, because the undisputed evidence is that said contract was not breached by defendants, if breached at all, until November 1, 1913, and no interest would be properly allowable prior to that date."

[8] There is want of harmony in the various jurisdictions upon this question, but the law is settled in this state that in cases of this kind the plaintiff is entitled to recover interest from the date the money was paid. Adams v. Thompson, 196 S. W. 299; Lewis v. Williams, 41 Tex. Civ. App. 464, 91 S. W. 247.

Under assignments 15, 16, and 17, appellants contend that the statute of frauds is a bar to appellee's right to recover. This question was fully discussed on the first appeal and decided against appellants.

Assignments 11, 12, and 13 assert that the evidence is insufficient to support the verdict and judgment. We have carefully reviewed the statement of facts and are convinced that the verdict is amply supported by the evidence. The statements following these assignments do not fully and correctly reflect the record.

The judgment is affirmed.