**AMBERSON et al. v. HENDERSON et al.**

No. 10477.

Court of Civil Appeals of Texas.
San Antonio.

April 12, 1939.

Rehearing Denied May 3, 1939.

A. H. Lumpkin, of San Antonio, and W. B. Barbour, of Cotulla, for appellants.

Brooks, Napier, Brown & Matthews, of San Antonio, for appellees.

SMITH, Chief Justice.

John B. Henderson and other qualified residents of the vicinage filed a petition

with the Commissioners' Court of LaSalle County for the creation of a water improvement district in the territory therein defined, in pursuance of authority of Art. 16, § 59, and Art. 3, § 52, of the Constitution of Texas, Vernon's Ann.St., and Ch. 2, Title 128, R.S.1925, Vernon's Ann.Civ. St. art. 7622 et seq. The Commissioners' Court issued notice of public hearing upon said petition, and after such hearing ordered an election to determine if the district should be created.

■ Joe Amberson and Olga Amberson, land owners in the proposed district, contested the petition, and appealed to the District Court from an order granting it, and from an adverse judgment rendered in that court have prosecuted this appeal. The District Court voided the election held in pursuance of the order of the Commissioners' Court, and ordered a new election. The latter order is superseded by this appeal, as the former order was superseded by the appeal to the District Court.

■ Appellants first question the sufficiency of the publication of the notice of the hearing before the Commissioners' Court. The statute provides that such notice shall be published in a local newspaper, and copies posted at the court house door of the county, and in three public places within the proposed district. Art. 7624, R.S. 1925. Appellants concede that notice was properly published in a newspaper and posted at the court house door of the county, but deny that copies were properly posted in three public places in the proposed district. The sheriff's return recites that copies of the notice were posted: "one notice at gate W. A. Kerr farm, one notice at gate Joe Amberson farm, and one notice at gate of Roy Dorssey farm," and the evidence shows that those gates, more than a mile apart, were within the territorial limits of the proposed district, facing upon a public highway which traverses the district. We think the publication, as shown by the evidence, was in substantial compliance with the statutory requirements and overrule appellants' first proposition.

■ It is next contended by appellants that the name of the proposed district, to-wit: "Holland-Tex Water Improvement District No. One of LaSalle County, Texas," was not sufficiently stated in the application for the election. In this connection it is provided by statute:

"All districts lying wholly in one county shall include in its name the name of the county in which it is located as a part of its name, and shall be numbered consecutively as created and established." Art. 7636, R.S.1925.

"Upon presentation to the commissioners' court either at a regular or special session, of a petition as herein provided praying for the establishment of a water improvement district, setting forth the boundaries thereof and designating a name for the district, the commissioners' court shall set the same for hearing at some regular or special session to be held not less than fifteen days nor more than forty days from the presentation of said petition." Art. 7623, R.S.1925.

■ In the application to the Commissioners' Court the name of the proposed district was stated as follows: "Said district is to be known as 'Holland-Tex Water Improvement District'." It was stated in said application, as well as in the notice of the hearing thereon, that the proposed district, the limits of which were therein specifically defined, was situated wholly within LaSalle County, and the order of the Commissioners' Court calling the election in response to the application, and a like order in the District Court on appeal, correctly described the name of the proposed district to be "Holland-Tex Water Improvement District No. One, of LaSalle County, Texas."

Appellants urge that the requirement that the name of the district be designated in the petition for its organization was jurisdictional, so that, in the omission of the name of the county and the number of the proposed district from the name given in the petition, the Commissioners' Court was without jurisdiction to proceed thereunder. We think, however, that when the petition provided and recited that the district shall lie wholly within LaSalle County, and shall be named "Holland-Tex Water Improvement District," it would be presumed, and all persons interested would be charged with knowledge that, when created, the name of the county and the consecutive number of the district, in its due order of creation, would be included in its name as provided in Art. 7636. We overrule appellants' second proposition.

In their third and fourth propositions appellants assert that appellees have not shown the proposed district is designed to effect the purposes contemplated in con-

stitutional and statutory provisions for creation and operation of such districts. We are of the opinion that these propositions are without merit, and overrule them accordingly. It is a perfectly fair and reasonable inference from the record that the project is a feasible one, and that the objects of the district and the proposed means of accomplishment are fair and reasonable and designed and well calculated to serve the public good.

Appellants' fifth and sixth propositions rest upon the premise that in effecting the purposes of the proposed district its officials will so operate the irrigation system as to destroy or impair property and vested rights of individual owners of land and water rights. We think a sufficient answer to such contention is that the courts may not assume that citizens and officials intend, or will undertake, to unlawfully encroach upon or destroy the rights of others. And in any event the courts cannot be called upon to interfere until the unlawful acts are threatened and have become immediately imminent. We overrule appellants' fifth and sixth propositions.

The judgment is affirmed.