NUECES COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT NO.
4, et al., Appellants,

v.

The STATE of Texas, ex rel. Sam E. WIL-
SON, Jr., et al., Appellees.

No. 12675.

Court of Civil Appeals of Texas.

San Antonio.

April 14, 1954.

Rehearing Denied July 7, 1954.

Second Rehearing Denied Sept. 8, 1954.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Dumas, Huguenin & Boothman, Dallas, George Prowse, Corpus Christi, for appellants.

John Ben Shepperd, Atty. Gen., Robert S. Trotti, Burnell Waldrep, Asst. Attys. Gen., B. D. Tarlton, Neel & Seaman, Corpus Christi, R. H. Whilden, W. G. Winters, Jr., Houston, Chas. B. Ellard, W. Leo Austin, Dallas, Paul A. McDermott, Fort Worth, James M. Easterling, Frank Chilson, Corpus Christi, for appellees.

POPE, Justice.

This is a quo warranto proceeding brought by the State and others, which attacks the validity of the creation and challenges the existence of the Nueces County Water Control and Improvement District No. 4. The trial court granted the relators' prayer and held that the election to confirm the district was void, and nullified the organization proceedings. The grounds for the holding were that the Commissioners' Court declared the entire district as a single election precinct and provided a single polling place for the election. Relators asserted that the procedure was in violation of Art. 7880–115, which states certain conditions precedent to an organization of a water district. The polling place was located at the Community Center in Port Aransas. Port Aransas is a municipal corporation, and its territory, as well as much other territory outside the bounds of the city, constituted the proposed district.

Article 7880–115, Vernon's Ann.Civ. Stats., presents the point for decision. It provides that no city shall be included within any district unless the proposition for the organization is adopted by a majority of its voters participating in such election. It provides further: "Any such municipal corporation included within a district shall be a separate voting district and the ballots cast therein shall be counted and canvassed to show the result of such election therein. No district hereafter organized embracing a town, city or municipal corporation shall include lands outside of such municipal corporation unless the election held therein to confirm and ratify the formation of such district shall be adopted thereby independent of the vote in such municipal corporation."

The trial court held that the single polling place for voters within and without the city of Port Aransas resulted in a void election. The trial developed certain additional undisputed facts. At the election, 118 votes were cast. Every vote was in favor of the formation of the district. There was not a single dissent. Of that group of voters, it was further proved that 97 voters lived within the geographical limits of Port Aransas and 21 voters lived outside Port Aransas, but within the district. It was still further proved that all elegible voters within the limits of Port Aransas voted, except 49 persons. All the eligible voters outside Port Aransas voted, except 10 persons. The problem presented is whether the election was invalid as a necessary condition precedent to the organization of the district by reason of the failure to provide a separate voting box outside of Port Aransas. To determine that point, we must bear in mind that 21 out of 31 elegible voters outside the City of Port Aransas voted, and that all 21 voted favoring the district. The unusual circumstance of unanimity made apparent how each person voted, both as to persons who reside within and outside the City of Port Aransas. Had all other eligible persons voted, it could not possibly have changed the result.

This case is controlled by State ex rel. Miller v. Troell, Tex.Civ.App., 207 S.W. 610, by this Court. In that case this Court decided that an irregularity, if harmless, in the creation of a municipal corporation, would not work an ouster under quo warranto. It was there pointed out that 102 persons out of a possible 115 qualified voters, cast their vote favoring incorporation. The Court held that the failure to give proper notice of the election was

rendered immaterial by reason of the fact that the results could not possibly have been different, had the notices been given in strict conformity with the law. We are unable to distinguish that case from this one. Perhaps the most complete collection of cases pertaining to compliance with conditions precedent to the creation of municipal and quasi-public corporations is the opinion in Witham v. McNutt, 186 Or. 668, 208 P.2d 459, 472. The Court there concluded that substantial compliance with the conditions precedent was all that is required when there is "no evidence that the ultimate result would have been affected had compliance been strict." See also, State ex inf. v. Parkey, 96 Or. 499, 190 P. 319; Kittery Water Dist. v. Agamenticus Water Co., 103 Me. 25, 67 A. 631.

 The creation of municipal and public corporations usually is conditioned upon compliance with several conditions precedent. Those conditions sometimes require an election as one of several other conditions. While a quo warranto proceeding compels a close scrutiny of the steps necessary for compliance, the usual rule is that an election, when considered as one of the conditions precedent, will be upheld where, "despite irregularities, the result was not affected thereby and there was no fraud or unfairness." 62 C.J.S., Municipal Corporations, § 21. In the matter of creation and organization of public and quasi-public corporations, this Court has followed the rule that there must be substantial compliance with the conditions precedent required by statute. Amberson v. Henderson, Tex.Civ.App., 127 S.W.2d 553; State ex rel. Miller v. Troell, Tex.Civ.App., 207 S.W. 610. See, 67 C.J., Waters, § 877, and 23 Tex.Jur., Improvements—Public, § 16. With reference to the creation of school districts, as an analogy, it is said: "In some decisions a statute requiring the judges of election to provide separate ballot boxes for the votes of persons residing within and without a town, in an election on a proposal affecting both territories has been regarded as mandatory, and in other cases has been regarded as merely directory; but the basis of the holdings appears to be that, where a further provision of the statute requires the proposal to carry in both territories in order that action thereon may be taken, the question whether failure to comply with the requirement of separate ballot boxes is prejudicial and invalidates subsequent proceedings depends on whether or not the proposal carries both within and without the city or town." 78 C.J.S., Schools and School Districts, § 41d.

Relators forcefully urge that the rules applicable to a quo warranto proceeding require a stricter compliance than is true in election contests. They urge that respondents can not rely upon such cases as Hill v. Smithville Independent School District, Tex.Com.App., 251 S.W. 209; Awalt v. Beeville Independent School District, Tex. Civ.App., 226 S.W.2d 913; Waters v. Gunn, Tex.Civ.App., 218 S.W.2d 235; State ex rel. Wilkinson v. Self, Tex.Civ.App., 191 S.W.2d 756; Orth v. Benavides, Tex.Civ. App., 125 S.W.2d 1081; Leslie v. Griffin, Tex.Civ.App., 23 S.W.2d 535; Turner v. Teller, Tex.Civ.App., 275 S.W. 115, and others, because they are election contests which apply a more liberal rule. It is true that this is not an election contest; however, one of the conditions precedent to the creation of a district is a correct election. The question then arises, whether an election will have one set of rules for a quo warranto proceeding and another different set of rules in an ordinary election contest.

Before district courts were granted jurisdiction over election contests, it was settled that such courts could hear and determine suits for title and possession of an office. It was also settled that quo warranto was a proper proceeding to litigate the title and possession of an office, and that though the court had no jurisdiction over elections, in a quo warranto proceeding to recover an office, "it became necessary for the plaintiff to trace his right or title thereto through an election". For that reason it was settled further, that "the court had jurisdiction to go behind the returns and ascertain who was, in fact, lawfully elected." De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519, 521; State ex rel. Jennett v. Owens, 63 Tex. 261, 268, 270. "But in a suit for an

office where the claimant's title is traced through a popular election there can be no more objection to his showing as a muniment of title that he was duly chosen to office by the people than to a plaintiff showing in any other case his right to property by a just and legitimate chain of title. If in the trial of such a cause it becomes necessary to investigate so-called political subjects, such as the ballots of voters or the conduct of officials conducting an election, this may be done if the evidence to be produced tends to determine the right in controversy between the parties." 16 Tex. Jur., Elections, § 152.

 At a time when district courts could not hear election contests, they could look behind the election returns and determine the validity of the ballots. By analogy, it would seem that when an election is one of the steps necessary to the creation of a district, in a quo warranto proceeding, a respondent may also look into the election. When we do that, we must conclude that the use of two boxes, under the unanimous vote, could not possibly have altered the results of the election, either inside or outside the City of Port Aransas.

We have been given no reason for the requirement that there shall be two boxes other than that disclosed upon the face of the statute—to ascertain separately whether those inside a city desire the district, and also whether those outside desire a district. That reason is fully satisfied by force of the unanimity of the vote, coupled with the fact that an opposite vote by all those who did not but may have voted could not have changed the result. The desire of the people is fully disclosed, both as to those inside and those outside the city. That is what the statute demands; that is what the vote discloses.

 The trial court severed causes insofar as Sam E. Wilson, Jr., and other relators asserted rights independent of a quo warranto proceeding. The severance is in accord with Rule 174, T.R.C.P., and the

matters presented by that severed cause are not now before us.

The court erred in the quo warranto action, in declaring the organization of the district void and in ousting the officers and directors of the district. That judgment is reversed and rendered.

## On Motion for Rehearing

On motion for rehearing, we have made a complete re-examination of our former opinion, but we adhere to our holding that the Water Control and Improvement District was legally organized by reason of the substantial compliance with the requirements of Article 7880–115. This case does not present a situation where there was a spontaneous election, or where there was an absence of a proper call, order or notices. Cunningham v. State, 119 Tex.Cr.R. 572, 44 S.W.2d 739, Coffee v. Lieb, Tex. Civ.App., 107 S.W.2d 406, and Ex parte Conley, Tex.Cr.App., 75 S.W. 301, require a stricter rule of compliance than does the Troell case, decided by this Court in 1919, and cited in our opinion; but all of those cases, including the Troell case, concern the failure to give the correct election notices.

Mr. Justice Brown, writing for the Supreme Court in State ex rel. Perrin v. Hoard, 94 Tex. 527, 62 S.W. 1054, 1055, announced the rule which controls our decision. By quo warranto the State attacked the validity of an incorporation of a town in Hunt County. The applicable statute stated the necessary steps for the incorporation. The statute stated in part: " 'At least twenty residents thereof, who would be qualified voters under the provisions of this chapter, shall * * * (stating certain requirements), and accompany the same with a plat of the proposed town or village, and including therein no territory except that which is intended to be used for strictly town purposes.' " The court held that the failure to attach the plat was not invalidating, but that it was required by the statute only "in aid of a description which is sufficient in itself to secure the rights of all persons." Said the Court: "It is direc-

tory, and a failure to perform it will not defeat the incorporation." Despite the, requirements of the statute that a plat be attached to the application, State v. Hoard holds that such a plat is not always necessary. The case has not been departed from and is often cited for the proposition that a substantial compliance with the statute fulfills the incorporation requirements. State ex rel. Wilke v. Stein, Tex.Com.App., 26 S.W.2d 182, 184; Gray County Production Co. v. Christian, Tex.Civ.App., 231 S.W.2d 901; Wilson v. Brown, Tex.Civ.App., 145 S.W. 639, 642; State ex rel. Edwards v. Montgomery, Tex.Civ.App., 140 S.W. 385; 30 Tex.Jur., Municipal Corporations, § 7.

The same principle of substantial compliance has been applied in other instances. A non-compliance with a statutory requirement that a county judge within twenty days after receipt of returns, shall record in the deed records a copy of the entry of incorporation made by the county judge upon the records of the commissioners' court did not invalidate the incorporation of a town. The court held the requirement directory, and, with reference to mandatory requirements, stated that a substantial compliance fulfills the law. State ex rel. Nelson v. Peterson, Tex.Civ.App., 29 S.W. 415.

The Commission of Appeals in State ex rel. Oil Operators' Trust v. Hellman, 120 Tex. 282, 36 S.W.2d 1002, held that Article 961 of the 1925 statutes was substantially complied with when a resolution of a town council to incorporate as a city was passed at a meeting of the town council, though the meeting was irregularly called. This result was achieved in spite of a provision in Article 961, which stated negatively: "The provisions of this title shall not apply to any city, town or village until such provisions have been accepted by the council in accordance with this article."

The last negative sentence of Article 7880–115, provides that no district which embraces "a town, city or municipal corporation shall include lands outside of such municipal corporation unless the election held therein to confirm and ratify the formation of such district shall be adopted thereby independent of the vote in such municipal corporation." There was such an independent determination by any process of thinking. The vote was unanimous. Those who voted and who resided outside the municipal corporation, made known their majority intent, independent of the votes cast by those residing inside the municipal corporation. An independent manifestation was the declared purpose of the statute, and that purpose was fully served under the facts of the case.

■ In the motion for rehearing, the State for the first time raises the point that the district included an area of submerged lands on which oil and gas leases exist and that such submerged area does not constitute "lands," which the State contends the statutes require. We have examined the State's petition for quo warranto and it challenges the validity of the organization only because of a claimed non-compliance with Article 7880–115. The other relators by a supplemental petition raised the question whether the district included an area not properly called "lands," but that portion of the case was severed. The State in its opening statement to the trial court, as reflected by the statement of facts, again so limits its complaint when it says: "It is our position in this petition that the District, or attempted consummation of the District is a nullity and the election and order confirming said District are wholly void in that in holding the election to confirm said District the mandatory provisions of Subdivision 115 of Article 7880, Revised Civil Statutes of Texas, were not complied with." The statement of facts reveals no attack upon the organization proceedings with reference to "lands," and the case was not tried on that issue either directly nor indirectly. State ex rel. Sutherland v. Pease, Tex.Civ.App., 147 S.W. 649.

The motion for rehearing is overruled.